Parker, C. J.
The writing which was in this case submitted to the jury, as evidence of the promise declared upon, must, with the accompanying testimony, be taken to be an engagement to pay facilities, to the amount of three hundred dollars nominal value, for that was the consideration of the note; and it was the understanding of the parties that the contract should have that effect. That evidence tending to give this * character to the promise was legally admitted, is proved by the case of Jones vs. Fales, cited in the argument; in which case the words foreign bills, at the foot of a note otherwise negotiable, were considered capable of being made, by evidence of the intent of the parties, an essential part of the contract, so as to defeat its negotiability.
There can be no question but this memorandum, under the circumstances proved, must be considered as the act of the directors of the bank, and so binding on the stockholders. The verdict, then, ought to stand for the lesser sum, which is understood to be the value of the note, as payable in facilities, unless it shall be wholly set aside, on the ground that the contract is void, as against law.
By the statute of 1809, c. 38, it was made unlawful for any bank to loan, negotiate, receive in payment, or otherwise to deal in, the bank bills of other states; and a heavy penalty was inflicted upon any who should transgress this law. The note sued in this action was made and received during the existence of this law, and in direct violation of its provisions. Can it, then, be recovered ? If it can, the judiciary power may, to a very great extent, defeat the manifest intent of the legislature. For although the penalty may be sued for and recovered, yet circulation may be given to bills received upon such illegal contracts, and the penalty may never be exacted.
The subsequent repeal of the act can have no effect upon a contract made while it was in force. As well might a contract, made for the purpose of trade with an enemy during a war, be purged of its illegality by "the return of peace.
The case of Camden vs. Anderson does not prove the point it was cited to support. It would seem rather, from the provisions of the statute commented upon in that case, that, when a penal statute was repealed, it might still be pleaded against any contract made in contravention of it, unless in the repealing act provision was made to the contrary.
* The case of Little vs. Obrien is wholly different from the case at bar. The defence against the note in *280 that case was, substantially, that the corporation had no authority to receive notes for stock. Such notes were not declared to be illegal, nor was there any penalty for taking them imposed by the act.
The verdict is set aside, and the plaintiffs must be called, (a)

Plaintiffs nonsuit.

 [Russell vs. Degrand, 15 Mass. Rep. 39. — Wheeler vs. Russell, 17 Mass. Rep. 258. — Dwight vs. Brewster, 1 Pick, 55.— Coombs vs. Emery, 2 Shep. 404. — Seidenbender vs. Charles, 4 S. & R. 159.— Sharp vs. Teese, 4 Hals. 352. — Ed.]