The opinion of the Court was delivered, at the last March term in Suffolk, by
Jackson, J.
It is admitted that the testatrix had some real estate, which would pass by the residuary clause in the will. The codicil not having been signed in the presence of three or more witnesses, cannot revoke nor alter that devise in the will; and it is for this reason, as we understand, that it was disallowed in the Probate Court. If the codicil could have that effect, we are satisfied that it ought not to be allowed. But we are of opinion that the codicil, if approved and allowed in the usual form, would not affect the previous devise of the real estate.
The codicil does not purport to dispose of any real estate; and the only mode in which it could be supposed to affect it is, that the executors might find it necessary to sell the real estate, or some part of it, to enable them to pay the additional legacies given by the codicil. * This presents the question, whether the real estate can ever be taken from the heir, or the *361 person who would otherwise be entitled to it, by virtue of any will or testamentary disposition, which is not executed in the manner prescribed by the statute for devising real estate; (1) or, in other words, whether an executor can, under our statutes, sell the lands of his testator, to pay legacies given in a will or codicil which is not so witnessed.
By the English laws, the real estate can never be charged for the debts of the testator, nor in any manner taken from the heir, unless the will be attested by three or more witnesses. The provisions of our statute are substantially the same. The devise of lands, mentioned in our statute of wills, before referred to, must include all charges on lands by last will. By the statutes regulating intestate estates, (2) all the lands of the deceased, which have not been legally devised, descend to his heirs. If, therefore, a charge for the payment of legacies is not virtually a devise of the land, it will have no effect in any case against the heir.
If this is not the true construction of the statute of wills, its provisions, as to the manner of devising lands, seem to be wholly nugatory, and may always be evaded. The ancestor, although he could not, by a will attested by less than three witnesses, devise the land directly to another, might give legacies to an amount equal to his whole estate, real and personal, and thus, in effect, take the whole from the heir.
It is true that the statute for the settlement of the estates ot persons deceased, (3) authorizes a sale of the real estate when the goods and chattels are not sufficient to pay the just debts of the deceased, and the legacies bequeathed in his last will and testament. But the words of this statute may be fully satisfied, if its provisions are confined to such legacies as were by law payable out of the real estate. This is the case with all legacies given in a will which is executed in the manner prescribed for devising real estate; and this being the case which would most commonly occur, we * may presume it to have been in the view of the legislature, in passing the last-mentioned statute. By the statute of wills, no instrument can be approved as a testament of personal estate only, if it purports to dispose also of real estate.
If this provision for the sale of lands for the payment of legacies should be construed to make legacies, in all cases, a charge on the real estate, it would virtually repeal the most important part of the statute of wills, which had been passed a short time before, at the same session of the legislature. It may be added, that, by the 7th *362 section of the same statute for the settlement of the estates of persons deceased, the real estate of every testator or intestate is made liable to be taken in execution by the creditors of the deceased. But we find no such provision in favor of legatees, although the latter are allowed to sue for their legacies by an action at common law against the executor.
It appears to us, therefore, that the executor would not necessarily be authorized to dispose of the real estate, which was devised, in this case, by the will, to pay any of the legacies bequeathed by the codicil. But even if this were more questionable, it would not follow that the codicil ought to be wholly inoperative. As far as it concerns the personal estate, there seems to be no objection to the testator’s altering, enlarging, or reducing, by the codicil and legacy given by the will, provided the devise of the real estate be not affected. Now, it cannot be known, at present, whether the personal estate of the testatrix in this case will not be sufficient to pay all her debts, and all the legacies bequeathed both by the will and the codicil.
It may also, in cases like the present, be often difficult to ascertain whether the legacies bequeathed by the codicil are of greater amount than those which had been bequeathed by the will, and which are revoked by the codicil; as, where the legacies are of different specific chattels, or when an annuity is given by the will, and a sum in gross by the codicil. * We therefore see no difficulty in allowing and approving this codicil; and if it should hereafter appear that the legacies given by the codicil cannot be paid, without disposing of some part of the real estate, which had before been devised by the will, the question, whether the real estate can be taken for the purpose, will come more properly before the Court. W’e have already intimated our views on that question ; but it may be more fully considered, if it should be presented to us in another shape.
We give no opinion, at present, whether the will in this case ere- . ated a virtual charge on the land, for the legacies therein bequeathed; and whether the legacies in the codicil come in under the same charge, according to the principle laid down in the case of Windham vs. Chetwynd, (4) and in Masters vs. Masters, (5) which were cited in the argument.
If the executors should hereafter apply for leave to sell any part of the real estate, to pay the legacies bequeathed in the codicil, it may be necessary to consider that question. The decree of the *363 judge of probate, disallowing the codicil, is reversed, and the same being approved and allowed in this Court, the case is to be remitted to the judge, for his further proceedings therein.

 Stat. 1783, c. 24.

 Stat. 1783, c. 36. —1805, c. 90.

 Stat. 1783, c. 32.

 1 Burr. 423

 1 P. Will. 421