Parker, C. J.,
delivered the opinion of the Court. We think there is no doubt that the contract between the undei writers * and the assured in this case was illegal, and that the paroi evidence was rightly admitted to prove it.
The evidence does not contradict the policy ; for it does not show that a voyage was contemplated different from that which was insured. The insurance was to any port in Europe, and the memorandum goes to include voyages prohibited by the law of the United, States. The evidence went to show which port was actually intended by the parties, and that proves to be an interdicted port. If such evidence is not admissible, parties can always control the laws, by the terms of their contracts; and in order to defeat an illegal contract, it would be necessary that the parties should be weak enough to expose the illegality in the instrument they adopt for their security.
It is said, however, that the premium should be considered as paid, and the defence, as a demand for money to be paid back again, which had been paid as the price of an unlawful bargain.
To give to this suggestion the effect contended for, would be to value the forms more than the substance of law. (a) To some purposes a premium is considered paid although there has been only *43 a promise to pay it; for instance, to enable the insured to recover it back, when the underwriters have no right to retain it. Tins is because the underwriter has the right to compel the payment of it upon the note ; and has in his possession the evidence of the promise to pay, which may exist after a judgment, to the prejudice ef the assured. The underwriters are prevented, in such cases, from saying they have not received the premium ; their acknowledgment of that fact operating quasi an estoppel.
But when they sue for the premium upon a note, which has reference to the policy, the insured has always been let in to prove any facts which destroy their right to recover; such as, that the risk never commenced, or that the insurance was ineffectual for want of seaworthiness of the vessel.
* The plaintiff is demanding, in this action, the price of an unlawful contract; and cannot, by a fiction, consider the defendant as suing to recover that price back, as if it had been once paid. The rule of law is of universal operation, that none shall, by the aid of a court of justice, obtain the fruits of an unlawful bargain. If there be any principle of mercantile honor which renders this defence odious, the only penalty is the disapprobation which will be felt and discovered by those who regulate public opinion in questions of this nature, (a)

Judgment on the verdict.

 Vide Gould vs. Cornwall, 4 Pick. 444. — Whitcomb & al. vs. Williams & Al. Pick. 228.

 Inhab. of Worcester vs. Eaton, 11 Mass. Rep. 368. — Swett & Al. vs. Poor, 11 Mass. Rep. 549. — Wheeler vs. Russell, 17 Mass. Rep. 258. — Dwight & Al. vs. Brewster & Al. 1 Pick. 50.—Richardson & Al. vs. The Marine F. & M. I. Co. 6 Mass. Rep. 111. — Springfield Bank vs. Merrick & Al. 14 Mass. Rep. 322. — Tauro vs. Cassin, 1 Nott. & M. 174.