*55 The cause was argued at the last September term, and now at this term the opinion of the Court was delivered by
Parker C. J.
The count in trover is not supported, because there was no evidence of any actual conversion, or of any demand and refusal; the bank notes came lawfully into the hands of the defendants by delivery from the plaintiffs’ agent, and some misapplication of them, or refusal to deliver them, should have been proved, to entitle the plaintiffs to recover on this count.
On the second count, which charges the defendants as com mon cairiers, we think the facts proved are sufficient to constitute them such. Packages were usually taken in the stagecoach for transportation ; large packages were entered in the book kept for the proprietors, and compensation taken for their use. That the principal business was to carry the mail and passengers, is no reason why the proprietors should not be common carriers of merchandise, &c. A common carrier is one who undertakes, for hire or reward, to transport the goods of such as choose to employ him, from place to place. This may be carried on at the same time with other business. The instruction of the judge in this particular, that the practice of taking parcels for hire, to be conveyed in the stagecoach, constituted the defendants common carriers, we think was right.[1]
A question arose, whether, admitting them to be such, they had not limited their responsibility, by advertising that all baggage was at the risk of the owners ; but this manifestly applied to the baggage of passengers, it being in the same advertisement which stated the route, the fare, &c. It was intended to guard the proprietors from liability in case the trunks, &c., should be stolen.
Another question was, whether the defendants could be jointly charged as partners. They were joint proprietors of the stagecoach, interested' alike in the profits ; the driver, one of the proprietors, received the package, the other was present at the time. The legal presumption is, th both shared the proceeds of all the business of the *56 coach.[1] Besides, if Sargent is to be considered only as the driver, in this transaction, the proprietors would be an- ' swerable as common carriers for any loss occasioned by his breach of trust, or negligence, or non-performance of his duty, from any cause which would not by law excuse him were he alone liable ; for the owners of the vehicle, if used for theii profit, are the common carriers, and not the mere driver.[2]
It has been said that the driver was misinformed as to the contents of the parcel, not being told that it contained money ; but we are of opinion, that the object in telling him that it contained papers as valuable as money, was to make him cautious, and that such information would have as much effect as to tell him it contained bank notes.[3]
The principal ground of defence to the action was, that bjthe law of the United States it was made unlawful for a carrier of the mail to take any letter or packet, and deliver it to the person to whom it was sent, and that such mail carrier was made liable to a penalty for so doing ; that if it was un • lawful to carry, it must be unlawful to send, and that no action could be maintained for the non-performance of an un. dertaking that constituted an offence. That no action will lie for damages for not performing an unlawful contract, has been settled by this Court in several actions heretofore. The cases of Springfield Bank v. Merrick, 14 Mass. Rep. 422, Russell v. De Grand, 15 Mass. Rep. 35, and Wheeler v. Russell, 17 Mass. Rep. 258, establish this principle, and the English cases are full to this point. The principle settled is, that a party to an unlawful contract shall not receive the aid of *57 the law to enforce that contract, or to compensate him for the breach of it. It is not easy, however, to discern how a party to such contract, who becomes possessed of the property of the other party, with which he is to do something which the law prohibits, can acquire a right to that property. The contract being void, the property is not changed, if it remains in the hands of him to whom it is committed. If he has executed the contract with it, or it has become forfeited by judicial process, or if stolen or lost without his fault, he may defend himself against any demand of the owner in ordinary cases ; but .f he has it in bis possession, he must be liable for the value of it; so that in an action of trover, with proper evidence of a conversion, the plaintiff would undoubtedly prevail. The action we are now considering, however, is of a different sort, and, although technically founded on tort, arises out of a contract ; for the undertaking of a common carrier is a contract: so that if the receiving of the parcel, which is the subject of the action, was prohibited by the statute and made penal, an action founded essentially upon a breach of that contract, though in the form of tort, could not be maintained.
We are then to consider the statute of the United States, and see whether the undertaking of the defendants, in relation to this parcel, was prohibited and made penal. The parcel was proved to be a number of bank notes belonging to the several plaintiffs, covered by a paper which was sealed and directed to the Messrs. Dwight of Springfield. It does not appear that any thing was written within, or that there was any letter, other than the parcel prepared as above.
The 17th section of the statute requires, that the mail carrier shall deliver any letters he has received at the first post-office to which he shall arrive, in order that the same may be duly entered, &c., and the postage secured. The 18th section enacts, that if any person concerned in carrying the mail of the United States, shall collect, receive or carry any letter or packet, or shall cause the same to be done, contrary to the act, he shall forfeit and pay a sum not exceeding fifty dollars. It appears there was a post-office at which the mail carrier was obliged to stop, between Northampton, where he received the parcel, and Springfield, where it was to be delivered ; and *58 if the parcel carried was a letter or packet within the meaning of the 17th section, the offence constituted by the 18th section was committed. So that the true question is, whether this parcel was a letter or packet. All penal statutes must be construed strictly, at least so that nothing may be construed into an offence, which was not intended to be made such by the legislature. The carrying of any parcel or bundle of mer chandise is not, as we perceive, prohibited by the letter of the statute, nor is it within its spirit; for the object to be secured was a revenue from the carrying of letters. A letter is a message in writing ; a packet is two or more letters under one cover. The merely covering a parcel of gloves, silk hose, or other merchandise, with paper, and directing it to the person to whom it is sent, would not make such parcel a letter ; nor is there any difference between such a parcel, and one containing bank notes.
Upon examining all the sections of the statute, it is apparent that letters only were the subject of the prohibitory clauses. If the mail carrier had been prosecuted for the penalty, we think he could not have been convicted on proof of the facts which have appeared in this action.
And even if there had been evidence that a letter accompanied the parcel of notes, we think, that, by due construction of the 16th section of the statute, no offence would have been committed, and no penalty incurred. That section prohibits any person, other than the postmaster-general, or his deputies, or persons by them employed, from being concerned in setting up, or maintaining, any foot or horse post, stage-wagon, or other stage-carriage, on any established post road, Or from one post town to another, on any adjacent or parallel road, for the purpose of carrying any letters or packets, except newspapers, &c , and punishes by a penalty the carrying of letters, &c., ex-eept such as may be directed to the owner of the conveyance, and relating to the same, or to the person to whom any packet or bundle in such conveyance is intended to be delivered. The carrier of the mail is not prohibited from taking packets and bundles, any more than passengers. He will have a right, then, under this section, to take letters directed to the owners of such packets or bundles. If, therelore, a letter had been *59 proved to have been sent with the parcel of bank notes, no offence would have been committed.
The case of Bennet v. Clough is similar to the present one. There, a parcel containing bank notes, stamps and a letter, was sent by a common carrier, and there being no evidence of the contents of the letter, the presumption of law was, that it related to the parcel sent. So here, supposing a letter had been sent, unless its contents were proved, it would be presumed to relate to the bundle.

Judgment, according to the verdict

 Upshare v. Aidee, Comyn’s R 24; Middleton v. Fowler, Holt, 138, and 1 Salk. 282; 2 Kent’s Com. 465; Bac. Abr. Carriers, A.

 Waland v. Elkins, 1 Stark, R. 272; Helsby v. Mears, 5 Barn. & Cressw. 504.

 See Williams v. Cranston, 2 Stark. R. 82; Middleton v. Fowler, 1 Salk 282; Cavenagh v. Such, 1 Price, 328; Allen v. Sewall, 2 Wendell, 327; Sewall v. Allen, 6 Wendell, 335; Ellis v. Turner, 8 T. R. 531; Hyde v. Trent & Mersey Nav. Co. 5 T. R. 397.

 See Allen v. Sewall, 2 Wendell, 327. A person delivering a package to a common carrier, to be transported, is under no obligation to state the value of tne articles it contains, unless an inquiry is made on the subject. Phillips v. Earle, 8 Pick. 182; Story on Bailments, 567, 568. See also Levi v. Waterhouse, 1 Price, 280; Downe v. Fromont, 4 Campbell, 40; 1 Bac. Abr 556, 346.