Powers
*v.*
Russell.

## JOSEPH P. ALLEN *versus* CALVIN B. HAWKS.

An agreement by an attorney at law with the agent of a third person, that if the agent will employ the attorney to collect demands due to the agent's principal, the attorney will pay to the agent a portion of the fees of collection, is prohibited by *St.* 1811, *c.* 62, and will not sustain an action.

In an action by the attorney against the agent, for professional services in the collection of such demands, parol evidence is admissible to prove such agreement, notwithstanding the defendant may have signed a written contract, not illegal in its terms, to pay for the attorney's services.

Where goods attached are returned to the defendant, upon a receipt given by a third person stating the value of the goods and promising to re-deliver them to the officer in case the plaintiff should recover, the competency of the receipter to testify in the suit may be restored by placing in his hands a sum of money equal to the whole amount for which he can by possibility be liable on his receipt.

Assumpsit to recover the balance of an account. The case was tried before *Morton* J., upon the general issue.

The accounts of the parties had been referred to auditors, from whose report it appeared that there was due to the plaintiff a balance of $201·70. A large portion of the plaintiff's claim consisted in charges for services performed by him as an attorney at law, in the collection of notes and accounts due to Erastus Hawks, and unless he could recover for these charges, nothing was due to him.

The defence was, that the plaintiff, for the purpose of procuring himself to be retained to collect these demands, agreed with the defendant, who was the agent of Erastus Hawks, that if the defendant would retain him, he would pay over to the defendant one half of the fees which he should receive for collecting the demands. The defendant contended, that this agreement being in contravention of *St.* 1811, *c.* 62, no undertaking growing out of it could be enforced in law. On the other hand, the plaintiff contended that this was not a defence to the action, and therefore that

evidence of the agreement was inadmissible.  But the judge overruled the objection, admitted the evidence, and instructed the jury, that if the agreement was proved it would be a good defence to the action.

To prove the agreement the defendant called James Hawks.  He was objected to by the plaintiff, on the ground of interest.  It appeared, that upon the plaintiff's writ, personal property was attached, and that the witness gave to the attaching officer a receipt, in which the property was valued at 300 dollars, and by which the witness promised to be accountable to the officer for the property, when called upon.  The property was returned to the defendant and was by him disposed of.

The defendant then showed that he had offered to the officer 300 dollars in lieu of the receipt, which the officer refused to receive in discharge thereof ; that the same sum had been offered to the plaintiff in lieu of the attachment, and the plaintiff refused to receive it ; and that the same had been placed in the hands of the witness, to be held by him until final judgment and execution ; and in case the judgment should be against the defendant, the witness was to discharge himself therefrom by satisfying it out of the money thus placed in his hands ; but if it should be in favor of the defendant, the money was to be restored to the defendant.

Upon this the witness was admitted ; and he testified, that in June 1824, he went into the plaintiff's office ; that the defendant was there ; and that the plaintiff stated that he had agreed to collect Erastus Hawks's accounts for the defendant.  The witness then asked, if it would not have been better to have employed some one nearer home to do the business.  To which the plaintiff replied, no, for he could not have got any one else to do it so cheap, for he had agreed to give the defendant one half of the fees of collection.  The plaintiff further observed, that it would be necessary to go to Chester several times on this business, and as he had agreed to give the defendant one half of the fees, the defendant ought to transport him to and from Chester free o expense ; to which the defendant agreed.

It also appeared, that Erastus Hawks had left the State, and that the travelling fees taxed by the plaintiff in each suit was $ 2·64.

The plaintiff then introduced his account against the defendant as agent of Erastus Hawks, for services in the collection of Erastus's demands, for the whole of the fees, with the following agreement added, viz. — " I hereby agree to be responsible to J. P. Allen for this and all accounts as agent to my brother Erastus Hawks, as charged on this account and his books July 1, 1829, personally myself. Calvin B. Hawks." The account was headed, " Capt. C. B. Hawks as agent for Erastus Hawks Dr. employed by him and charged to his account."

The plaintiff contended, that this was conclusive evidence of his right to recover ; that it could not be explained by parol evidence ; and that it rendered incompetent the parol evidence before mentioned. But these positions were over-ruled, and it was left to the jury to determine, upon the whole evidence, whether the plaintiff did agree to give the defendant one half of the fees of collection ; and they were directed, if it was proved to their satisfaction, that the plaintiff did make such an agreement, then to find a verdict for the defendant ; otherwise, to find a verdict for the plaintiff, according to the auditors' report.

The jury returned a verdict for the defendant.

To the above decisions and instructions the plaintiff ex cepted. If any one of them was wrong, a new trial was to be granted ; if otherwise, judgment was to be rendered upon the verdict.

*R E. Newcomb* and *Wells* for the plaintiff. By the written agreement produced the plaintiff was entitled to the whole of the fees, and the parol evidence to contradict or vary this contract, by showing that he was to retain only half, was inadmissible. The defendant was at liberty to prove by parol evidence, that the consideration of the contract, or the act to be done under it, was illegal, or that he was induced by fraud or duress to enter into it, but he could not be permitted to show that the contract itself was different from what the parties have made it. 9 East, 415 note ; *Oldbury*

<div style="margin-left:0">Allen<br>*v.*<br>Hawks.</div>

v. *Gregory*, Moor, 564 ; *Collins* v. *Blantern*, 2 Wils. 347 *M'Crowe's case*, Godb. 29 ; Bull. N. P. 173 ; *Dobell* v *Stevens*, 3 Barn. & Cressw. 623 ; *Russell* v. *De Grand*, 15 Mass. R. 35.

The agreement as shown by the parol evidence, was not prohibited by *St.* 1811, *c.* 62. The fees of collection, which are, in other words, the taxable costs, are given by *St.* 1795, *c.* 41, to the party, and this is merely a stipula tion by the attorney, to pay over to the party one half or the taxable costs ; and though it may be customary for an attorney to retain the whole of such costs, he may lawfully agree to take a less sum for his services. But even if the first agreement was prohibited, the illegality was purged by the written agreement, which was a legal contract.

James Hawks was not a competent witness. His interest was not balanced, for his liability was fixed, but his indemnity was subject to contingencies. The money might have been lost in various ways, without any fault on his part, and yet in such case, if the plaintiff should recover, the witness would remain liable upon his receipt, whereas if the defendant should prevail, the witness would have a good defence to an action for the money. *Caldwell* v. *Lovett*, 13 Mass. R. 422 ; 1 Phil. Evid. (New York edit. 1816,) 40, note *b* ; *Stewart* v. *Kip*, 5 Johns. R. 256 ; *Evans* v. *Eaton*, 7 Wheat. 356 ; *Evans* v. *Hettich*, ibid. 453.

*Dewey* and *Grennell, contrà*, cited in regard to the illegality of the contract, *Wheeler* v. *Russell*, 17 Mass. R. 258 ; — in regard to the admissibility of the parol evidence, 3 Stark. Ev. 1017 ; *Collins* v. *Blantern*, 2 Wils. 347 ; *Russell* v. *De Grand*, 15 Mass. R. 35 ; — and in regard to the competency of James Hawks, as a witness, Phil. Evid. (New York edit. 1816,) 40, note *b* ; *Irwin* v. *Caryell*, 8 Johns. R. 407 ; *Leggett* v. *Boyd*, 3 Wendell, 376 ; *Tompkins* v. *Curtis*, 3 Cowen, 251 ; *Chaffee* v. *Thomas*, 7 Cowen, 358

The opinion of the Court was afterwards drawn up by

SHAW C. J. Whenever an act is made subject to a penalty by statute, it is of course considered as prohibited and forbidden, and no right or legal obligation can grow out of an act wilfully done in violation of such law. *Wheeler*

v. *Russell*, 17 Mass. R. 258. The charges sued for were, fees for the collection of debts, and the defence was, that this claim was founded upon an agreement, expressly made penal by *St.* 1811, c. 62. This statute prescribes a penalty against any person, who shall give or promise any valuable consideration whatever with an intent to procure and obtain any note or demand, for the purpose of making a gain or profit from the fees arising from the collection thereof by suit. The whole subject matter of the contract was the collection of the demands due to Erastus Hawks, for whom the defendant was agent, by suits at law, and the evidence tended to show, that for the purpose of being thus retained and employed by the defendant as such agent, the plaintiff promised to pay over to him one half of the fees which the plaintiff should obtain. This of course embraced his emoluments, whatever they were, and whether arising from retainers, taxable costs, or otherwise. It may be very questionable whether this was not a collusive and dishonest bargain on both sides, and so void at common law, it being an agreement by the defendant, acting as agent, to receive a personal emolument to himself, to induce him to put the demands of his principal in suit, when it might not be for his interest to do so. But whether it was so or not, we think this contract directly within the statute, that the law will afford no aid, in giving effect to it, and that the jury were rightly instructed, if they should find such bargain proved, to return a verdict for the defendant. And we are also of opinion, that the parol evidence was admissible. *Russell* v. *De Grand*, 15 Mass. R. 35.

But the principal and by far the most important question in the present case is, whether, under the circumstances stated in the report, the competency of the witness, who had given his receipt for the attached property, was restored by placing in his hands an amount of money equal to the whole amount for which he could by possibility be liable on his receipt.

The case shows that the property receipted for, had been restored to the defendant in the action, so that he could have no claim upon the officer, and of course the only lia-

bility of the witness on his receipt to the sheriff, was for such claim as the plaintiff might have. It has lately been decided, that where a receipt is taken by the sheriff for attached goods, which are specifically valued in the receipt, such valuation is to be taken *primâ facie* as the agreed value, and fixes and limits the extent of the receipter's liability. So that in the present case, the witness could not be responsible, beyond the sum of three hundred dollars. The Court are of opinion, that the deposit of this sum with the witness, with a written authority provisionally to discharge his obligation out of it, without the intervention of any other act, did, to all practical purposes, extinguish the interest of the witness and restore his competency.

In all analogous cases, where a party has become interested, in consequence of having given some obligation or suretiship, connected with the prosecution of the cause, the court will, where they have the power, permit such obligation or suretiship to be changed, in order to take off the pecuniary interest of one who is required as a witness.

Bail will be discharged, and new bail taken in court, *instanter*, in order to admit the surety on the bail bond, as a witness. *Leggett* v. *Boyd*, 3 Wendell, 376.

Sureties in a replevin bond, will be discharged and new sureties taken, although possibly the defendant in replevin may have his right of action against the sheriff for taking insufficient sureties. *Bailey* v. *Bailey*, 1 Bingh. 92.

If a witness for the defence is one of the bail, his name will be struck out of the bail-piece in order to render him a competent witness, upon the defendant's depositing a sufficient sum with the associate. *Bailey* v. *Hole*, 3 Carr. & Payne, 560. Surety on an appeal bond will be discharged and a new bond taken in court. *Tompkins* v. *Curtis*, 3 Cowen, 251. It has, indeed, been decided otherwise, in regard to an attorney who has indorsed a writ; but this decision was made upon the construction of the statute, which was supposed to give a remedy for costs, only against an original indorser, and not against a substituted indorser received in the progress of the cause, whether by order of court or otherwise. But by the recent revised statute, on

this subject, the court is expressly authorized to permit the name of any indorser to be stricken out, and a responsible new indorser substituted. *St.* 1833, c. 50, § 4.

In New York, in a recent case, it was decided, that an attorney, though by law liable for the costs of the suit, was nevertheless a competent witness, he declaring on the *voir dire* that he was fully indemnified. *Chaffee* v. *Thomas*, 7 Cowen, 358. That case goes somewhat farther than the present, if it went on the ground that he had a contract of indemnity, which he considered as ample security, because he might be obliged to resort to a suit, to avail himself of it. But if he had funds of his principal in his hands, out of which he could pay and discharge the costs, and thus avoid his liability, it was precisely analogous to the present case.

We do not decide, that any bond or contract of indemnity shall be deemed equivalent to a release, (and upon that question we give no opinion,) but only that when a sum of money, which is the universal medium for the payment and discharge of obligations can be so placed as, in effect, fully to meet and obviate any responsibility which creates the interest of the witness, it shall be considered sufficient to restore his competency.

We are aware of the distinction pressed in the argument, that such an appropriation of money, does not, like a release, extinguish the interest. But it is not to be overlooked, that this is one of those technical and artificial rules, devised for the purpose of preserving the purity of testimony and promoting the investigation of truth, and ought not in practice to be pushed to such an extent as to defeat its own purposes. The. law looks at the substance and reality, not the semblance and shadow of things, at the real and actual interest which would be likely to influence the mind and pervert the testimony of the witness, and not at a possible or ideal responsibility which cannot subject him to any real loss or damage. The object of the release is, to exempt the mind of the witness from the *bias* arising from *pecuniary* interest. All other interests are overlooked. The member of a corporation, who perhaps has been the most efficient agent in conducting the controversy, out of which the suit with the

<div style="margin-left:0">
<em>Allen<br>v.<br>Hawks.</em>
</div>

corporation has arisen, is yet made competent by the transfer of his stock, or other disfranchisement, at the moment of the trial, because at the time of testifying he has no pecuniary interest. The debtor, who, if one party prevails, will stand liable to one who may be a harsh and grinding creditor, but who, if the other prevails, will stand liable to a friend who will treat him with all mildness and forbearance, is still competent, because his responsibility is equal and his pecuniary interest, therefore, not affected. If such *bias* from pecuniary interest, can be effectually removed by the appropriation of a sum of money to meet and obviate the witness's responsibility, we think it satisfies the rule substantially, although it does not technically extinguish the obligation out of which such pecuniary interest arises.

*Judgment on the verdict.*