## CENTRAL BANK *versus* CALVIN WILLARD.

After a promissory note discounted by a bank, had become due, the bank, upon the application of the promiser for a renewal, indorsed on the wrapper of the note the words, "renewed for three months;" and the promiser paid the interest in advance, but the note was retained by the bank and no new note was given. It was *held*, that this indorsement did not become a part of the note ; and that the bank was not thereby disabled from commencing an action upon the note before the expiration of three months.

THIS was an action against the sheriff of this county for the default of Billings Hobart, one of his deputies, in not fully serving an execution issued in favor of the plaintiffs against Elijah Burbank. The execution was fully satisfied, except for the amount of three promissory notes, which constituted a part of the claim of the plaintiffs.

By an agreed statement of facts it appeared, that on July 8, 1833, Burbank, being largely indebted to the plaintiffs, gave to them the notes in question, which were payable in four months from that time.

It was also agreed, that George A. Trumbull, the cashier of the bank, would testify, if such evidence was competent, that some time after the notes became severally due, Burbank applied to the plaintiffs to have them renewed ; that this application was granted, and that thereupon Burbank paid the interest upon them for three months in advance ; that the cashier wrote on the wrappers of the notes the words, " renewed for three months ; " that the notes were retained, and no new notes given ; that this was done with the intention on the part of the directors of the bank, that if, in their judgment, the pecuniary ability of Burbank should become doubtful before the expiration of the time for which interest had been paid in advance, the bank might be enabled at any time to call on Burbank and obtain security and enforce payment by an action upon the notes ; that this was in conformity with

a usage of the bank; that in such cases, on payment of interest in advance, the credit was renewed from time to time as the parties might desire , that the old notes were kept in wrappers as before, with some mark or memorandum on the wrappers, for the convenience of the cashier, indicating the time for which interest in advance had been paid and the notes renewed ; and that Burbank had for a long time transacted a large business at the bank.

Before the time had elapsed for which interest had been paid in advance on the notes in question, Burbank being in failing circumstances and his property having been attached to a large amount, the plaintiffs commenced the present action.

If the Court should be of opinion, that the plaintiffs had a right to commence an action at such time, and that they could maintain it upon these facts, the defendant was to be defaulted ; otherwise, the plaintiffs were to become nonsuit.

*Merrick* and *Barton*, for the plaintiffs, to the point, that the agreement for the renewal of the notes was a collateral contract and entirely independent of the notes, cited *Dow* v. *Tuttle*, 4 Mass. R. 414 ; *Trustees in Hanson* v. *Stetson*, 5 Pick. 508 ; *Hunt* v. *Adams*, 7 Mass. R. 518 ; *Shed* v. *Pierce*, 17 Mass. R. 623 ; *Spring* v. *Lovett*, 11 Pick. 417 ; that such agreements have been held admissible, only where they amounted to evidence of a payment, *Sturdy* v. *Arnaud*, 3 T. R. 599 ; *Dobson* v. *Lockart*, 5 T. R. 133 ; *Ward* v. *Winship*, 12 Mass. R. 481 ; that the indorsement on the wrappers of the notes, did not constitute a contract, unless connected with the notes and explained by the testimony of the cashier, and that such testimony was inadmissible, *Stackpole* v. *Arnold*, 11 Mass. R. 27 ; *Hunt* v. *Adams*, 7 Mass. R. 512 ; Kent's Com. 402 ; *Bailey* v. *Ogden*, 3 Johns. R. 399 ; *Champion* v. *Plummer*, 4 Bos. & Pul. 252 ; *Lewis* v. *Thacher*, 15 Mass. R. 431 ; and that the plaintiffs had not disabled themselves from suing, by the reception of interest in advance, *Oxford Bank* v. *Lewis*, 8 Pick. 458 ; *Blackstone Bank* v. *Hill*, 10 Pick. 129.

*Newton* and *W. Lincoln*, for the defendant. The memorandum on the wrappers of the notes is to be considered as a part of the contract existing at the time when the action was brought, or as a substitute for and discharge of the original

contract. *Jones* v. *Fales*, 4 Mass R. 245 ; *Heywood* v. *Perrin*, 10 Pick. 228 ; *Munroe* v. *Perkins*, 9 Pick. 298. The circumstance, that the memorandum was added subsequently to the execution of the notes, is not material ; for it was made by Trumbull, either as the agent of the plaintiffs, or as the agent of both parties, and the plaintiffs, in either case, must hold the notes subject to the extension of credit. If the words of the memorandum are intelligible in themselves they will control and modify the effect of the original contract, and the parol testimony is inadmissible to contradict them. *Heywood* v. *Perrin*, 10 Pick 228. But if all the parol testimony were admissible, it would prove such an agreement for an extension of credit by the plaintiffs, as would deprive them of the right to sue before the term of the credit had expired ; and this agreement would be founded on a good consideration, interest having been paid in advance, in the same manner as when the original contract was made.

*Oct. 5th.*    PUTNAM J. delivered the opinion of the Court. The case finds that Burbank made the notes to the plaintiffs, which are the subject of this controversy. They were payable in four months from July 8, 1833 ; and they were given for a just debt due from him to the plaintiffs. There is nothing upon the face of the notes which indicates, that the contracts should not be performed according to the terms therein expressed. It is for the defendant to maintain a sufficient defence. And he relies upon the alleged fact, that there was an agreement between the plaintiffs and Burbank, made after the giving of the notes, which should be taken to be part of the contract, that the notes should be renewed for a time which had not expired when this action was commenced. If such agreement appeared upon the notes themselves, the law would carry it into effect ; as in *Jones* v. *Fales*, 4 Mass. R 245, where the words " foreign bills " were written upon the note. The court gave a construction to them, as making a part of the note. It was held not to be negotiable. So where the word " facilities " was written upon the note, in *Springfield Bank* v. *Merrick*, 14 Mass. R. 322, it was held, that the note in that form, accompanied with other evidence of the intent of the parties, was sufficient to prove that the

note was payable in paper then in circulation and known by the name of " facilities."

So in *Heywood* v. *Perrin*, 10 Pick. 228, where on a promissory note on demand, the words " one half payable in 12 months, the balance in 24 months," were held to be part of the contract ; and the promisee was restrained from demanding payment before the expiration of the time contained in the memorandum. It was construed as a note payable on demand after a limited time. As in the case of *Loring* v. *Gurney*, 5 Pick. 15, it was held, that a note payable upon demand with interest after a limited time, may be sued immediately.

And parol evidence is not admissible to control such writing. Thus an agreement by parol, that the note was given upon condition that the principal should not be called for so long as the interest should be punctually paid, was not competent evidence, because it was in *contradiction* to the written promise. *Trustees in Hanson* &c. v. *Stetson*, 5 Pick. 508.

In the cases before cited, the Court construed the notes according to the meaning of the writing upon the face of the same, as part of the same. But independent agreements do not affect the construction of the original contracts. Thus an agreement in writing *executed at the time* of the making of a note which was payable at a certain day, to give indulgence to the maker for an indefinite period, which might go beyond the specified time of payment, has been held not to be a part of the note, but only *a collateral promise*, upon which the promisee must rely. It constituted no legal defence to the note. *Dow* v. *Tuttle*, 4 Mass. R. 414. Now the notes in the case at bar, were due when they were sued. And there is nothing upon the notes themselves to affect the plain and direct terms of the contracts. Indeed if the plaintiffs themselves had written the words " renewed for three months from January 8, 1834," upon the wrapper of the notes, at the time when they became due, and received the interest in advance, those words would not become a part of the original notes. At most, they would (if so understood by the parties) be a collateral contract not to sue until after the time for which they were to be renewed. Such an agree-

Centra.
Bank
v.
Willard.

ment would come within the case. of *Dow* v. *Tuttle*, before cited, and could not avail the defendant as a defence. It has been suggested that this agreement operated as a payment and discharge of the original notes ; but we think if that had been the intent of the parties, those notes would not have been retained. But the plaintiffs did retain them. And although the plaintiffs did receive the interest in advance, which might imply that they had given a further credit, yet (as held in the case of *Oxford Bank* v. *Lewis*, 8 Pick. 458) they retained the power of suing, and might, if they had apprehended a failure, have made an attachment.

And upon the whole view of the subject, we are all of opinion, that the remedy of the plaintiffs upon the notes was not taken away by the writing upon the wrapper. The defendant is therefore to be defaulted and judgment to be entered for the plaintiffs.