### COMMONWEALTH INSURANCE COMPANY *vs.* SALMON WHITNEY.

A memorandum written on a note, by the maker, in these words, " for value received, I hereby acknowledge this note to be due, and promise to pay the same on demand," and signed in the presence of an attesting witness, is itself a " promissory note," within the fourth section of the Rev. Sts. *c.* 120, and an action thereon is not barred by the statute of limitations.

But if the original note was without consideration, or the consideration thereof had failed, and there was no new consideration for such memorandum, (or new note,) the payee cannot recover thereon.

A note given for a premium of insurance cannot be recovered, if the vessel insured were unseaworthy at the time when the risk would have commenced.

ASSUMPSIT for money had and received. At the trial in the court of common pleas, before *Ward*, C. J., the plaintiffs gave in evidence the defendant's promissory note, dated September 24th, 1824, on the margin of which the defendant wrote and signed these words, in the presence of an attesting witness : " November 4th, 1831. For value received, I hereby acknowledge this note to be due, and promise to pay the same on demand." The judge instructed the jury, that this last promise

took the note out of the operation of the statute of limitations. The defendant offered to prove that there was no consideration for this last promise, except the note of September 24th, 1824, and that the latter was given for a premium on a policy of insurance underwritten by the plaintiffs, on the schooner New Orleans, that was unseaworthy during the whole time she was insured, and that the policy therefore never attached, and so the original note was without consideration. He also offered to prove further, that the plaintiffs refused to pay a loss caused by the perils insured against, because said schooner was unseaworthy. But the judge instructed the jury that the defendant could not give these facts, or either of them, in evidence in this action. To these instructions the defendant excepted.

*Washburn*, for the defendant.

*Cruft*, for the plaintiffs.

SHAW, C. J.   The only question is, whether this action is barred by the statute of limitations, or whether it is within the exception of attested notes.   There is a slight difference in phraseology between the *St.* 1786, *c.* 52, § 5, and the Rev. Sts. *c.* 120, § 4.   In the former it is thus, " This act shall not extend to bar any action upon any note, in writing, signed by any person and attested by one or more witnesses, whereby such person shall promise to pay any sum of money, mentioned in such note," &c.   In the revised statutes, the provision stands thus, " None of the foregoing provisions shall apply to any action brought upon a promissory note, which is signed in presence of an attesting witness."

It does not appear to have been the intention of the legislature to change the law on this subject, but to express the same rule, in shorter and more perspicuous terms.   We think therefore the term " promissory note," in the revised statutes, expounded in reference to the provisions for which it was substituted, is not to be limited strictly to negotiable notes, but was intended to apply to any note in writing by which one promises to pay money to another.   It is not a true test therefore to inquire, whether the promise constitutes a negotiable note.   With this view of the construction

of the statute, the court are of opinion that the memorandum of November 4, 1831, is a promissory note within the statute. It is made on good consideration, viz. the payment of an existing note, then near being barred, and purports to be for value received. It is a promise to pay a sum of money on demand. The sum and the name of the payee are not expressed in words; but they are expressed with equal exactness and certainty by reference to the note on the same paper. *Grinnell* v. *Baxter*, 17 Pick. 386. It is a new promise, in writing, on a good consideration, to pay a certain sum of money to a certain company on demand, and signed in presence of an attesting witness. It is a note, on which, if properly set out in a declaration, an action would lie. This case is quite distinguishable from that of *Gray* v. *Bowden*, recently decided in Essex. There were no promissory words, in the memorandum in that case, constituting it a new substantive contract; but only words of acknowledgment, admitting that the old note was due and unpaid.

But there was another exception taken to the decision of the court of common pleas, which deserves consideration. It appears, by the bill of exceptions, that the defendant offered to prove, that there was no consideration for the memorandum of 4th November, 1831, but the note of 24th September, 1824; that the latter was given for a premium of insurance, on the schooner New Orleans; that the schooner was unseaworthy, so that the risk never attached, and that the plaintiffs had refused to pay a loss which accrued by some of the perils insured against, because the schooner was unseaworthy. The court are of opinion that this evidence ought to have been received, and that the facts, if proved, would have constituted a good defence. It is a well established rule of the law of insurance, that if the vessel is unseaworthy at the time the risk would commence, the policy does not attach, and no premium is due; and if a premium note has been given, the consideration fails, and it cannot be recovered. *Russell* v. *De Grand*, 15 Mass. 35. *Taylor* v. *Lowell*, 3 Mass. 331. *Merchants' Insurance Company* v. *Clapp*, 11 Pick. 56 The note in suit, being but a continuance or renewal of the premium note, the same defence which would be good against the

original note, may be made to this. If the consideration of that failed, there is no legal consideration for this.

*Exception sustained, and the verdict in the court of common pleas is set aside, and new trial to be had at the bar of that court.*