Mr. Justice Thacher
delivered the opinion of the Court.
This is an appeal from the judgment of the Circuit Court of Y^labusha county.
It was an action of debt, instituted in 1842, upon a tax collector’s bond, to recover the sum of $500 under the statute (H. & H. 103, s. 7 ; 108, s. 20), for failing to deposit in the office of the auditor of public accounts, within the time prescribed by law, a list of the taxable property and tax payers of his county. To the declaration there was filed a demurrer, setting forth as cause, that there was no law authorizing suit to be brought upon such an obligation as that named in the plaintiff’s declaration. This demurrer was sustained by the Court below.
The question in this case does not involve the inquiry, what effect the passage of the Revenue Law of 1841, s. 9 and 12, requiring a deposit by the assessor, of a list of the taxable property and tax payers of each county with the auditor of public accounts, and fixing the penalty for failure at a fine of $1000, and six months’ imprisonment, had upon the act of H. & H. 103, s. 7, and 108, s. 20. For considering it to be a repeal, it does not affect the right of recovery upon this bpnd. This bond was executed during the existence of the earlier law, and while it was in force, and constitutes a valid contract, upon which a subsequent repeal of the Act can have no effect. Springfield Bank v. Merrick, et al. 14 Mass. R. 322. A recovery also could properly be had against the securities as well as the principal obligor, and for such an amount of damages as upon a trial should be found by a jury.
The judgment of the Court below is therefore reversed, and the cause remanded for further proceedings.