LYDIA SHAW *vs.* THE FIRST METHODIST EPISCOPAL SOCIETY IN LOWELL.

A delivered to B. $200, and took B.'s note promising to pay yearly, to A. or order, the lawful interest on $200, with a proviso that B. might, at any time, pay the $200, with the interest accrued and unpaid : At the foot of the note was a memorandum, that the note was secured by a mortgage, held by C. in trust for the benefit of the holder of said note, of all B.'s interest in a certain building. *Held,* that the memorandum was a part of the contract between the parties, and was a condition or stipulation that the note was secured by the mortgage mentioned ; and that A., on discovering that the note was not thus secured, might recover back the $200, in an action for money had and received, without demanding payment, or returning the note, before commencing the action.

ASSUMPSIT for money had and received. The case was submitted to the court on an agreed statement, as follows :

The plaintiff, on the 9th of May 1840, advanced and delivered to the defendants $200, and took in return a written note or memorandum in these words: "Lowell, May 9th 1840. For value received, the First Methodist Episcopal Society in Lowell promise to pay Lydia Shaw, or order, the lawful interest on the sum of two hundred dollars, annually, on the first day of May. Provided, nevertheless, that said society may, at any time, pay to the lawful holder of this note the said principal sum of two hundred dollars, with the amount of interest then accrued, in full discharge of this note." This document was signed by the accredited agents of the said society. It also contains, at its foot, the following words: "N. B. This note is secured by a mortgage of all the society's interest in and to the meeting-house, and land appurtenant, called 'Wesley Chapel,' in said Lowell, running to and holden by James T. Hardy, Benjamin Dean and Horace Parmenter, in trust, for the benefit of whomsoever may be the lawful holder of this note."

On the 25th of December 1837, Sereno Fisk, by a lease under seal, demised the Wesley Chapel and appurtenances to the defendants for a term of twelve years, subject to forfeiture in case of non-payment of the rent reserved, viz. $1200 annually; and on the 2d of February 1843, said Fisk took possession of said demised property, for breach of condition. On the 19th of March 1840, the defendants, by a quitclaim deed, duly executed, acknowledged and recorded, conveyed all their interest in the premises to the abovenamed Hardy, Dean and Parmenter, with the following proviso: "Provided nevertheless, that if said society shall pay the principal and interest due by or upon all their notes, given by said society in pursuance of an agreement of three parts, made and entered into by and between said society, of the first part, said Hardy, Dean and Parmenter, of the second part, and others, payees of said notes, of the third part, dated 19th March 1840, according to the tenor and effect of said notes; then this deed shall be void." On the same day, an indenture was entered into between the defendants, of the first part, said trustees, of the second part, and all such other persons as should sign the same, of the

third part; reciting that the society had an interest in the premises, under the lease aforesaid, and that the meeting-house was out of repair, and that the parties of the third part were willing to contribute, for the purpose of putting it into good condition. The parties of the third part therein agreed to furnish the sums set against their names; and the society agreed to pay interest annually on those sums, or the principal and interest, at its option, and to give to each a note accordingly, and also to give a mortgage, to said trustees, of all its interest in the premises, to secure said notes; the whole amount, so contributed and secured, not to exceed $3000. The plaintiff was not a party to this indenture; nor is she a member of the society.

On the 13th of February 1843, and after the forfeiture under said lease, the defendants took a new lease from said Fisk, at a reduced rent, for a term of five years from the 1st of January 1843. Both of said leases contained covenants by the lessor to convey the property to the defendants in fee simple, at a stipulated price. But the defendants have not been able to avail themselves of this covenant, nor are they able to pay the rent reserved in the second lease.

The money received of the plaintiff was used for the purpose designated in the last mentioned indenture. The amount raised on the notes aforesaid did not exceed $1800. The said indenture was offered publicly, at the place of worship and vestry of the defendants, and at other places; and there was no concealment, by the defendants, of any part of the transaction. The number of contributors, who took notes like that taken by the plaintiff, was between fifty and sixty, of whom seven only, who contributed $275, ever signed the said indenture.

The plaintiff could prove by parol evidence, and if such evidence is admissible it is to be taken as proved, that the defendants and the mortgagees understood and intended that all the holders of the notes should be and were entitled, equally with those who signed and became parties to the said indenture, to the benefit of the mortgage.

The plaintiff paid said $200 to a member of the society

under an agreement that she should have the note of the society for it; nothing being said about the mortgage. Said note was delivered to her, two or three weeks afterwards, and she took it without any thing being said on the subject.

*S. Ames*, for the plaintiff.

*Hopkinson*, for the defendants.

HUBBARD, J. The plaintiff was not one of the members of the Methodist Episcopal Society, nor does it appear that she intended to be a contributor to the repairs of the house, or to become a member of the society, that she might enjoy the common benefit resulting from the repairs. On the other hand, she lent her money to the society, through the agency of one of its members, and was to have the note of the society for the loan. Afterwards, the paper, which is set forth in the statement of facts, was delivered to her.

In giving a construction to this instrument, it is necessary to consider all its provisions; and the memorandum is a constituent part of the contract, although introduced under a simple *nota bene.* It has been settled in repeated cases, in this Commonwealth, that any memorandum annexed to a note of hand is part of such note, and enters into the construction of the contract, and controls or explains it. See *Jones* v. *Fales*, 4 Mass. 245. *Coolidge* v. *Inglee*, 13 Mass. 32. *Springfield Bank* v. *Merrick*, 14 Mass. 322. *Heywood* v. *Perrin*, and *Makepeace* v. *Harvard College*, 10 Pick. 228, 298. *Wheelock* v. *Freeman*, 13 Pick 168. *Barnard* v. *Cushing*, 4 Met. 230.

In the present case, the part of the contract following the *nota bene* is a condition or stipulation, that the debt is secured by a mortgage of all the society's interest in and to the meeting-house. But it appears, by the case, that this condition or stipulation was not complied with by the defendants; that the fact was not true, as stated by them, and upon the faith of which, we may presume, the note was taken by the plaintiff.

The mortgage actually made was prior to the existence of the note, and did not embrace it; and whether the plaintiff might compel the parties interested to admit her to sign the indenture referred to, and thus to partake of the benefits of the mortgage

connected with it, is not now important to decide. By this contract she was not called upon to take any such steps, or to do any act thus to entitle herself; but the stipulation was, that her debt was actually secured by mortgage. This was a misrepresentation, although it is not alleged that it was made to defraud her; and no bad faith is imputed.

We are of opinion, that the stipulation or memorandum was an integral part of the contract; that it was not performed; and that the plaintiff therefore has a right to rescind the contract, and to bring her action for the money advanced by her. And as no other parties but the defendants were interested in the note, it was not necessary for her to make a formal tender of it, or an offer to return it, before commencing her action. And it is sufficient now to bring it into court for the use of the defendants. There being nothing else to be done on her part, the commencing of the suit is a good rescinding of the contract. And as there was a legal right to sue for the recovery of the money lent, the action may be well maintained without a previous special demand.

*Judgment for the plaintiff.*