## MICAH G. JONES *versus* JOHN KNOWLES, JR.

To discharge a note for merchantable boards and clapboards, the articles set out and tendered must be of such quality and condition, as, under the statute, might lawfully be "offered" or "exposed for sale," or "*delivered on sale.*"

The burden of proving such quality and condition is upon the maker of the note.

Acts, intended for a performance, if they involve a violation of law, are void.

EXCEPTIONS from the District Court, ALLEN, J.

Assumpsit on a note to pay twenty-five dollars worth of merchantable boards and clapboards, at the defendant's mill, at a specified time.

The defendant proved that, at the requisite time and place, he set apart hemlock boards and basswood clapboards to that amount, as a payment of the note. But it was not proved, that either of the articles were surveyed by a qualified surveyor of lumber, or that the clapboards comported with the statute requirements, either in being of the prescribed length, width or thickness, or in being straight and well sawed.

*Knowles*, for defendant.

Merchantable, is that which is fit or likely to be bought and sold. An article may be merchantable in one place, which may not be in another. The parties are presumed to know the sort of lumber manufactured at that mill. The statute does not prohibit such sales. It does not appear that there was any surveyor of lumber in the town. *Coombs* v. *Emery*, 14 Maine, 404; *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 430, 431, 441.

The statute, chap. 66, § 11, does not reach this transaction. That section applies to lumber for exportation only.

The case of *Wheeler* v. *Russell*, 17 Mass. 264, is not binding in this State. To adopt it, would violate the intent of our Legislature, and the interest of our citizens. The boards and clapboards were not "offered for sale," nor "exposed to sale." The sale was completed when the note was given.

*John E. Godfrey,* for plaintiff.

HOWARD, J. — The contract was admitted, but the defendant alleged performance, on his part, in bar of the action. The promise was to pay in " clapboards and boards to be merchantable," at a specified time and place, and it must be presumed, in the absence of evidence of any different stipulation, that they were to be of such description as could be legally offered for sale and delivered.

Though not distinctly stated in the exceptions, we infer from them, and understand from the admissions and arguments of counsel, that there has never been an actual delivery of clapboards and boards, but that such were seasonably designated and set apart by the defendant, to pay the note; that no person was there present with the note, or authorized to receive payment, or accept the tender ; that the articles tendered were never actually received by the plaintiff or holder of the note, and that it has never been presented for payment. The tender should have been made in articles of the description specified in the contract, in order to have the effect of payment. The burden of proving the quantity, quality and fitness of the articles offered, or delivered, in fulfilment of his contract, is on the defendant.

The Revised Statutes provide, that " all boards offered for sale, shall previously to delivery, be surveyed," by one of the town surveyors, who shall mark their just contents thereon ; that " all clapboards exposed to sale," shall be manufactured of a particular quality of timber, and of a particular length, width and thickness ; and that " no boards, clapboards, nor shingles, shall be delivered on sale, until duly surveyed by one of the proper surveyors aforesaid, in the town or plantation where sold, nor until such surveyor shall have given a certificate, of the number, quality and quantity thereof." (R. S. chap. 66, § 2, 11, 17.) Sect. 20, of the same statute imposes a penalty upon " any person, selling and delivering any boards or any clapboards, before they are surveyed." This statute is prohibitory in its terms, and enforces the prohibition by a

penalty. The defendant could not, therefore, tender in fulfilment of his contract, boards and clapboards, which he could not by law sell or deliver. He could not plead a performance which involved a palpable violation of the law. The undertaking being unlawful, the act would be void. Fonbl. Eq. B. 1, chap. 4, § 4, 5; *De Begnis* v. *Armistead*, 10 Bing. 107; *Coombs* v. *Emery*, 14 Maine, 404; *Whitman* v. *Freese*, 23 Maine, 185; *Springfield Bank* v. *Merrick*, 14 Mass. 322; *Wheeler* v. *Russell*, 17 Mass. 258; *White* v. *Franklin Bank*, 22 Pick. 182; *Hallett* v. *Novion*, 14 Johns. 290; *Armstrong* v. *Toler*, 11 Wheat. 258; *Craig* v. *Missouri*, 4 Peter's S. C. 436; *Clark* v. *Protection Ins. Co.*, 1 Story's R. 122.

The instructions given to the jury were not in conformity with these principles. *Exceptions sustained.*