## HALL v. CLEMENT.

If a party indebted upon a running account, partly for legal and partly for illegal sales, make payments generally upon account, those payments are to be applied to the items of charge for legal sales; but if at any time the amount paid exceed the amount due for legal sales, the balance will be applied to pay for the goods illegally sold.

It will not be presumed, under such circumstances, that the payments are made in advance, to be applied on future legal sales.

ASSUMPSIT, upon a note dated June 1, 1858, for $710.70, signed by the defendants, James Clement & Co., and payable to the order of the plaintiffs, Martin L. Hall & Co., with a count for money had and received, $800, and a count for goods, &c., sold and delivered, of which a specification was furnished, amounting to $2063.32, on which payments are credited to the amount of $1,352.62, leaving a balance of $710.70.

The case was referred to an auditor, who found that all the goods charged were sold and delivered by the plaintiffs to the defendants, at the times and prices charged, and that certain of the items so charged were for intoxicating liquors, sold to the defendants at Boston, in Massachusetts, without any license, and in violation of the laws of that State. The plaintiffs offered evidence that the defendants, at several times before the giving of the note declared on, settled their accounts with the plaintiffs, and made an application of the sums then paid, in whole or in part, to these items for liquor. The evidence was objected to, but admitted.

It then appeared, that from the 19th of September, 1855, when the account commenced, to May 5, 1856, when the parties settled the account, the amount of sales was $538.28, of which $124.15 was for spirit, and the payments were $405, leaving a balance of $133.22, for which the defendants gave their note. From that date to January 1, 1857,

the next settlement, the sales were $794.91, including the note, of which $358.92 was for spirit, and the payments $350 ; and a note was given for the balance, of $344.91, all of which was for spirit. The sales to the next settlement, together with the last note, October 23, 1857, were $896.33, of which $87.22 was for spirit, the payments credited $200, and a note given for the balance, $696.33. The sales afterward amounted to $281.73, and the payments to $275, and the note in suit, for $710.70, was given for the balance and interest. Though dated at Boston, it was made at Concord. None of the sales, after March 20, 1857, were for spirit.

The defendants claimed that the plaintiffs could recover only the difference between the amount of the sales, deducting all sales of liquors, and the whole payments. The auditor found the whole sales $2,017.73, and the amount of liquor sold $570.29, the difference being $1,447.44 ; the whole payments $1,352.62, the balance being $94.82, with interest to the date of the writ. But the plaintiffs claimed to recover the whole balance of their account, and at any rate that whatever payments had been applied in their settlements in discharge of the liquor account, should be allowed them. And the auditor found that at the settlement of January 1, 1857, the payments credited exceeded the charges, exclusive of liquor, by $13.16, upon which interest to the date of the writ is $10.84.

The plaintiffs also claimed that a payment, made by the defendants on the 18th of February, 1857, of $100, should be applied to pay for the goods delivered between January 1st and that date ; and the auditor found that the amount of all the goods, except liquors, so sold, was $82.20, leaving $17.80 to be applied on the liquor account, upon which the interest to the date of the writ is $1.20. The questions arising on the report were reserved for decision at the law term, and such judgment is to be entered as the court should order.

Hall *v.* Clement.

*Smith,* with *Bartlett,* for the plaintiffs.

*H. Hibbard,* for the defendants.

BELL, C. J.   It is contended that by the settled law of Massachusetts, where the note in suit is dated and payable, a note is an absolute payment of a preëxisting debt, and not, as here, a security, unless otherwise agreed by the parties; and the authorities cited, *Thatcher* v. *Dinsmoor,* 5 Mass. 299, 301; *Whitcomb* v. *Williams,* 4 Pick. 228; and other cases, sustain that view. No inference is drawn from that position, but the only inference available to the plaintiffs must be, that the debt, being paid and discharged by the note, the note cannot be contested for the want of consideration, any more than the money, if actually paid in discharge of such a debt, could be recovered back. But however logical an inference this might be from the doctrine in question, we do not understand that any such principle is adopted in Massachusetts; but that the illegality of the consideration of a promissory note is there, as it is here, a good defence.   *Wheeler* v. *Russell,* 17 Mass. 258; *Bank* v. *Merrick,* 14 Mass. 322.

If this were otherwise, the fact that the note was made in this State would give it the effect of a security, and not of a payment.   *Thompson* v. *Briggs,* 28 N. H. 40, and *Smith* v. *Godfrey,* 28 N. H. 377, cited by plaintiffs.   It is further contended, that the plaintiffs' specification under the general count, being part of the record, sets up the partial payments, as made upon the account generally, as an open account.   The plaintiffs' evidence, tending to show different settlements of the account as far as then contracted, or any application of the payments to particular parts of it, is inadmissible, as contradicting an admission in pleading, which always concludes and estops the party making it. But an admission made in one count, or plea, has never been held here to conclude the party upon any other plea.

*Kimball* v. *Bellows,* 13 N. H. 68 ; *Bump* v. *Smith,* 11 N. H. 48. Besides, it is by no means clear that proof that an account has been settled and a balance has been struck by the parties, the effect of which may be to make an application of certain payments to certain items of the account, is in contradiction of the account as stated here. Such evidence appears to us merely collateral to the account, and in no way inconsistent with it. It is among the most ordinary modes of proving an account, to show that the defendant examined the account, and agreed to, or assented to, the balance as struck.

It is also contended that partial payments, made generally upon an account composed of items in part legal and in part illegal, cannot be applied by the creditor to the illegal items ; but the law will apply them to the valid items, irrespective of their order in the account ; and *Rohan* v. *Hanson,* 11 Cush. 44, and *Blackman* v. *Wright,* 1 Wms. Vt. 187, are cited. And this we understand to be the general rule as to debts existing at the time of the payment. It is so laid down in *Wright* v. *Laing,* 3 B. & C. 165 ; *Ex parte Rundleson,* 2 Deac. & Ch. 534 ; *Bancroft* v. *Dumas,* 21 Vt. 465 ; *Cruikshank* v. *Rose,* 5 C. & P. 19 ; *Philpott* v. *Jones,* 2 Ad. & E. 41. But this must be understood with the qualification, that the payment must be taken to have been made on account of a subsisting debt, and will not be held an advance against future indebtedness. *Hamesley* v. *Knowles,* 2 Esp. 666 ; *Bancroft* v. *Dumas,* 21 Vt. 465 ; *Harrison* v. *Johnston,* 27 Ala. 445 ; *Caldwell* v. *Wentworth,* 14 N. H. 436.

When, therefore, parties are dealing together in the sale and purchase of goods, some of which are prohibited by law, and the buyer pays money generally on account beyond the amount due for goods legally sold, the balance will be applied in payment for the goods illegally sold. It will not be presumed that it is designed as a payment in advance, for a legal debt to be afterwards contracted.

It is found here by the auditor, that the amount of the payments which had been made to January 1, 1857, exceeded the amount then due for goods legally sold, by the sum of $138.16, and the payment made on the 18th of February, 1857, exceeded the amount then due to the plaintiffs for goods legally sold, by $17.80.    These sums, then, being legally applicable to no other subsisting legal claim, must be applied for so much in discharge of the account for goods illegally sold.

The plaintiffs are, therefore, entitled to recover $94.82, balance found by the auditor of the legal sales, after deducting all the payments made, and $138.16 and $17.80, which must be applied to pay for the illegal sales, and which consequently leave so much of the legal sales unpaid.   These sums, with interest to the date of the writ, are found by the auditor to amount to $270, for which judgment is to be rendered, with interest from the date of the writ.