CHARLES H. HATHAWAY *versus* PATRICK MORAN.

Whatever is done in contravention of a statute cannot be made the subject matter of an action.

The subsequent repeal of the act of 1855, prohibiting the sale of intoxicating liquors, can have no effect upon a contract made while it was in force.

EXCEPTIONS were taken to the rulings of HATHAWAY, J., presiding at *Nisi Prius*.

The action is ASSUMPSIT upon a note of hand, and on an account annexed for twenty gallons of American gin, sold by the plaintiff to the defendant. The writ bears date March 5, 1856. The case was referred to the court, the parties reserving the right of exceptions in matters of law ruled upon by the court. It was proved that at the date of the writ, there was a balance of ten dollars and fifty cents due on the note. The charge of twelve dollars for gin was also proved.

The court decided that a default should be entered, and that the plaintiff should have judgment thereon for ten dollars and eighty one cents, and interest from the date of the writ, and that the plaintiff was not legally entitled to recover for the gin, that charge being for spirituous and intoxicating liquors, sold in violation of law.

Whereupon the parties, by consent, submitted the case to the whole court, and if the ruling of the judge presiding concerning the charge for the gin was correct, his decision is to be affirmed, and judgment rendered on the default accordingly; but if his ruling concerning that charge was erroneous, and the plaintiff is legally entitled to recover for the gin, then the plaintiff is to have judgment for twelve dollars, in addition to the balance due on the note.

*S. H. Blake* argued for the plaintiff, that the sale of the gin, October 29, 1855, was therefore in violation of the statute of 1855.

It was also a sale of gin, the value of which could not be recovered, by reason of ss. 10 to 22, inclusive, of the act of 1846, that were in force when the gin was sold.

But ss. 10 to 22, of the act of 1846, were repealed by the act of 1856. The prohibitory part of the act of 1846 had been repealed before, viz: in 1851. So that ss. 10 to 22, of the act of 1846, merely providing that no action should be maintained, being repealed by the act of 1856, there is now no bar to the maintenance of the action by reason of ss. 10 to 22, or other provisions of the act of 1846.

We then return to the act of 1855. That act repealed the acts of 1851 and of 1853, leaving the aforesaid sections of the act of 1846 standing, but that now are brushed out of the way.

October 29, 1855, when the gin was sold, we could not have sued and recovered for it, its sale being prohibited by that statute.

But the act of 1856 repeals the act of 1855, and lets down the bars that were put up against us, and the question is,

Hathaway *v.* Moran.

whether our gin is a creature of life to walk over them, or was killed by the statute of 1855, under which it came into being.

Was the sale void and dead when made, and as soon as made, or was it a live and valid contract, waiting only the removal of the hindrance of the statute, to be enforced?

A contract "*malum in se*," and prohibited by statute, does not revive when the statute prohibition to its enforcement is removed, because it is a *void* contract in its inception.

But the sale of ardent spirits is not "*malum in se*." For the revenue laws of the United States contemplate its sale.

Every state statute we have had upon the subject expressly admits the right to sell, but assumes to regulate and control the mode and manner of the sale merely.

To *sell*, therefore, by and of itself is right. A. sells under act of 1855; he cannot go into court to enforce his contract; he must, too, pay the penalty imposed upon acts of sale.

But *when* the act of 1855 is repealed, the *penalty* can no longer be imposed, and the bar to his suit does not any longer exist.

*A. L. Simpson* argued for the defendant.

The only point in this case is, can the plaintiff recover for the twenty gallons of gin charged in his writ, sold October 29, 1855?

The liquor law of 1855 was in force at the time this sale was made. The first section of that act prohibits the sale of intoxicating liquors; the second section affixes a penalty for selling. The twenty-third section makes all contracts for the sale of liquors utterly null and void, with certain exceptions, which do not apply to this case. The same section also provides that "no action of any kind shall be maintained in any court in this state, for intoxicating liquors. This statute was in force at the time this gin was sold.

The liquor law of 1856 repeals this law of 1855, under which this gin was sold. Now the question arises, what effect does this repeal have?—does it make valid contracts

which were made under the law of 1855, which were forbidden by that statute? We say not. We say that the law under which the contract was made must control the contract. "The law of the contract travels with it wherever the parties thereto are to be found, and into whatever *forum* it is attempted to be executed." *Judd* v. *Porter*, 7 Greenl. R., 339.

We say the contract was void at the time it was made, because the article sold was prohibited.

"A contract is void if prohibited by a statute, though the statute only inflicts a penalty, because such a penalty implies a prohibition." Chitty on Con., 6 Am. ed., p. 694.

"Every contract *made* for or about any matter or thing which is prohibited and made unlawful by any statute, is a *void* contract, though the statute itself doth not mention that it shall be so, but only inflicts a penalty on the defaulter, because a penalty implies a prohibition, though there are no prohibitory words in the statute." *Bartlett* v. *Vinor*, quoted from HOLT, C. J., by Chitty on Con., 6 Am. ed., p. 695.

The first section of said act of 1855 affixes a penalty for selling under that statute. This clearly makes the statute prohibitory, and if prohibitory, all contracts made under it were and are void.

"The general principle is well established, that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is *void*, as being against the policy of the law." "This rule applies to every contract which is founded on a transaction *malum in se*, or which is prohibited by statute, on the ground of public policy." *Warren* v. *Manufacturers Insurance Company*, 13 Pick. R., 521.

There can be no doubt as to the intention of the legislature that passed the act of 1855. They intended to make the sales of liquor void. They regarded its sale as an evil. It was an evil prohibited by that statute, and the legislature of 1856, although they repealed the act of 1855, without any

saving clause, regarded the sale of liquor in the same light as did the legislature of 1855, for they also prohibited the sale of liquors, affixed a penalty for selling, and made contracts void which are for the sale of liquor.

In *Wheeler* v. *Russell*, 17 Mass. R., 256, in a case where shingles were sold, which were not of the quality required by law, for which a promissory note was given, the court held that an action on the note could not be maintained, because the shingles were sold in violation of a statute. I would refer the court especially to this decision, as the principle involved in this case is ably argued by the court in that. I would also call the attention of the court to the case of *Springfield Bank* v. *Merrick*, 14 Mass. R., 322. The statute of 1809, ch. 38, was set up as a defence to this action, which made it unlawful for any bank to loan, negotiate, receive in payment, or otherwise deal in, the bank bills of other states, and affixed a penalty to any one who should transgress this law. The note upon which the suit was founded, was made and received during the existence of this law, and in direct violation of its provisions. It seems that when this action was commenced, that statute had been repealed, and the court say, that "the subsequent repeal of the act can have no effect upon a contract made while it was in force. As well might a contract made for the purpose of trade with an enemy during a war, be purged of its illegality by the return of peace."

HATHAWAY, J. The twenty gallons of gin, for which the plaintiff claims to recover, was sold in violation of a public statute. The general rule is, that what is done in contravention of a statute cannot be made the subject matter of an action. *Laughton et als.* v. *Hughes et al.*, 1 Mau. & Sel. R., 593; *Wheeler* v. *Russell*, 17 Mass. R., 258. The rule applies to contracts founded on a transaction prohibited by statute on the ground of public policy, as well as those founded on a transaction *malum in se*. *Warren* v. *Man. Ins. Co.*, 13

Pick. R., 518; *Russell* v. *DeGrand*, 15 Mass. R., 35, and Rand's notes.

The subsequent repeal of the statute of 1855 can have no effect upon a contract made while it was in force; " as well might a contract, made for the purpose of trade with an enemy, during a war, be purged of its illegality by the return of peace;" per PARKER, C. J., in *Springfield Bank* v. *Merrick et al.*, 14 Mass. R., 322. And beside, the plaintiff's action was commenced March 5, 1856, as appears by the date of his writ, at which time the statute of 1855 was in force, not having been repealed until April, 1856.

The plaintiff cannot recover pay for the gin, and, as agreed by the parties, the decision of the judge who presided at. *Nisi Prius* is affirmed, and judgment to be rendered accordingly.