Mr. Justice SWAYNE.
 

 This is a suit in equity, having for its object, to set aside two assignments made by the defendants, Henry Hicks and Asa Hicks, to their co-defendant, Eorbes.
 

 The appellants are the complainants in the bill. They have recovered judgments at law against Henry and Asa Hicks, upon which executions have been, returned unsatisfied.
 

 The first assignment was executed on the 4th of January, 1858. The conveyance of the property is followed in the instrument by this provision: “In trust nevertheless, and to and for the following uses, interests and purposes, that is to say, That the said party of the second part shall take possession of all and singular the lands, tenements and hereditaments, property and eifects hereby assigned, and
 
 sell and dispose of the same upon such terms and conditions as 'in his judgment may appear best 'and most for the interest of the parties concerned,
 
 and convert thé-same into money.
 

 The second assignment bears date on the 6th of May, 1858. Id is declared “to be made and entered into for the express purpose of correcting and explaining the true intent and meaning of a like indenture made and executed between the same parties, on the 4th day of January, A. D. 1858, and' which said last described instrument as corrected shall read as follows:”
 

 Then follows the body of the instrument, which is the same with that of the prior assignment, except that in the clause authorising the assignee to sell and dispose of the assigned property, the words “upon such terms and- conditions as in his judgment may appear best and most for the interest of the parties concerned” are omitted.
 

 The first assignment was executed only by the assignors. The second recites that it is between Henry Hicks and Asa Hicks, of the first part, and Eorbes, of the second part; and it is executed by all the parties.
 

 The Statute of Wisconsin upon the subject of fraudulent oon
 
 *534
 
 veyance is substantially the same with that of the 13th of Elizabeth, chapter 5.
 

 The Supreme Court of the State has held that such a provision as that referred to in the first assignment renders the instrument fraudulent and void as against creditors.
 
 Keep
 
 vs.
 
 Sanderson,
 
 12 Wis., 362.
 

 In cases like this, involving the construction of a State statute, this Court is governed by the judgment of the highest judicial authority of the State.
 
 (Leffingwell
 
 vs.
 
 Warren,
 
 decided at this term.) This ruling of the Supreme Court of Wisconsin is sustained by numerous adjudications in other States. 2 Seld., 510. 6 Seld. 691; 17 New York, 21; 21 New York, 168; 2 Duer, 533; 24 Illinois, 257 ; 11 Md., 173.
 

 There are conflicting authorities upon the subject of great weight. 6 O. S., 620; 7 Paige, 272; 11 Barb., 198; 4 Sandf., S. C., 252. See also the dissenting opinion of Brown, Justice, in
 
 Benedick
 
 vs.
 
 Post, et al.,
 
 (12 Barb., 168.) The question, as an original one, is not before, us and we express no opinion upon it..
 

 The Statute of Elizabeth was declaratory of the common law. In the absence of such legislation the common law would have accomplished the same results. Twyne’s case, (3 Coke, 80, S. C., 1.) Smith’s L. C., 1.
 
 Codagan
 
 vs.
 
 Kennet,
 
 (Cowp., 434.)
 
 Wheaton
 
 vs.
 
 Sexton,
 
 1 Amer. L. C., 68; 1 Cranch, 316 ; 1 Binney, 514, 523 ; 4 McCord, 295.
 

 It is not claimed that when the second assignment was executed any creditor had acquired a lien upon the property covered by it.
 

 That assignment is free from the vice which was fatal to its predecessor, and is valid. 11 Illinois, 503; 16 Pick, 247; 28 Vermont, 150; 2 Ed. C. R., 289. This proposition is so clear, upon reason and - authority, that it would be a waste of time to discuss it.
 

 None of the authorities relied upon by the counsel for the appellant are in conflict with this decision.
 

 In one of them the assignee did not join in the execution of the wecond instrument, and it did not appear that he had ever
 
 *535
 
 assented to it. In the others, creditors had interposed and intervening rights had attached to the property.
 

 "It is a settled' principle that a deed voluntary or even fraudulent in its creation, and voidable by a purchaser, may become good by matter
 
 ex post facto."
 
 4 Kent’s Com., 559; 1 John. C. R., 136; 15 John. R., 571; 2 Edwards C. R., 289; 1 Sid., 133; Amer. L. C., 82.
 

 The Court below dismissed the bill. We think there is no error in the decree, and it is affirmed with costs.