## THATCHER ET AL V. FRANKLIN.

1. ASSIGNMENT: *When title vests in assignee.*

In the absence of fraud the title to goods conveyed by a deed of assignment for the benefit of creditors, vests in the assignee, upon the execution and delivery of the deed; but he must file the bond and schedule provided by the statute before he can have possession of them.

2. SAME: *Registration of.*

Registration of a deed of assignment for the benefit of creditors, it being an absolute conveyance, without any defeasance, is not necessary to vest the title in the assignee, as against the assignor and execution creditors, who refuse to accept the benefits of the deed.

3. REPLEVIN: *Requisites of. When Assignee may have.*

Title, general or special, and a right to the immediate possession of the goods are both necessary to maintain replevin for them, and until the schedule is filed and bond given, as required by the Statute, the assignee in a deed of assignment for benefit of creditors has no right of possession, and cannot maintain the action.

APPEAL from *Jefferson* Circuit Court in Chancery.
Hon. X. J. PINDALL, Circuit Judge.

*W. S. McCain,*
    *and* } for appellants:
*N. T. White,*

The filing of the bond required of the assignee by Sec. 385 of Gantt's Digest, is a condition precedent to the operation of the assignment; and without which it was a nulity. 3 *McLean,* 177; 10 *Kansas,* 47; 39 *N. Y.,* 369; 3 *Hum.* (*N. Y.*) 594.

The act did not violate any provisions of the Constitution of 1874.

ENGLISH, C. J. On the ninth of June, 1877, A. Nathan & Co., a firm of merchants of Pine Bluff, who were unable

to pay their debts, executed a general deed of assignment, by which they conveyed to Samuel Franklin, as trustee, their stock of goods, wares, merchandise, choses in action, etc., for the benefit of all their creditors.

Franklin took possession of the goods embraced in the deed, kept them in the house where A. Nathan & Co. had been doing business, and for a month or more was disposing of them for the benefit of creditors, but business becoming dull, he boxed up the remainder of the goods and stored them in a warehouse.

It appears that all of the creditors accepted the provisions of the deed of assignment, except W. W. Thatcher and Numsen & Sons, who brought suits before a Justice of the Peace against A. Nathan & Co., obtained judgments, sued out executions thereon, placed them in the hands of Anthony Johnson, constable, who levied upon the goods in the warehouse, took possession, and advertised them for sale.

On the eighteenth of August, 1877, Franklin, who had not filed a schedule of the goods, and executed bond as trustee, as required by the statute regulating assignments, brought this action of replevin in the Circuit Court of Jefferson county against Johnson for the goods levied on, and obtained possession of them by means of the writ.

After Johnson had answered the complaint, on his motion the execution creditors were made co-defendants, and adopted his answer. Under the instructions of the Court, the plaintiff, on the evidence, obtained a verdict, and judgment that he retain the goods, etc. A new trial was refused the defendants, and they took a bill of exceptions, and appealed.

I. In the absence of fraud, on the execution and delivery of the deed of assignment to the trustee, the title to the goods vested in him; and so far the Court correctly charged the jury.

1. ASSIGN-MENT: When title vests in assignee.

5—37

**2. SAME:**
**Registra-**
**tion of.**
II. The deed was an absolute conveyance, and not a mortgage or ordinary trust deed, with a defeasance, and the title to the goods vested in the trustee, not only as against the assignors, but also as against the execution creditors without registration, and the Court so rightly charged the jury.

**3. REPLEV-**
**IN:**
**When**
**Assignee**
**may have.**
III. But though the deed vested the legal title to the goods in the trustee, yet by the express language of the statute regulating assignments, (*Gantt's Digest*, secs. 385, 387) before he was entitled to take possession, sell or in any way manage to control the property assigned, he was obliged to file the schedule, and execute the bond required by the act. *Clayton* v. *Johnson*, 36 *Ark.*, 406.

**——:**
**Requi-**
**sites of.**
To maintain replevin for goods, the plaintiff must not only have title, general or special, in them, but must be entitled to immediate possession thereof. *Gantt's Digest*, sec. 5035; *Beebe* v. *DeBaun*, 8 *Ark.*, 510; *Wallace* v. *Brown*, 17 *Ib.*, 450.

This case differs from the case of *Clayton* v. *Johnson*, *sup.* In that case the trustee filed the schedule, and executed bond before he brought replevin, as provided by the statute. In this case it appears that the trustee paid no attention to the statute.

**——:**
**Filing**
**schedule,**
**&c., prere-**
**quisite to.**
The Court below erred in refusing to charge the jury as moved by appellants, in effect, that plaintiff having failed to file the schedule, and give bond as required by the statute, could not maintain replevin for the goods.

Reversed, and remanded for a new trial.