## RALEIGH V. GRIFFITH.

1. ASSIGNMENTS : *Statute of, constitutional. Sales must be public.*
   The Statute of assignments (*Gantt's Digest, chap. 10*) is constitutional.
   (*Clayton* v. *Johnson, 36 Ark.,*) and a deed which authorizes the assignee
   to sell at private sale is in violation of the Statute and void.

APPEAL from *Pulaski* Circuit Court.

HON. J. W. MARTIN, Circuit Judge.

*J. M. Moore,* for appellant :

The only material point in this case is as to the validity
and effect of *ch.* 10, *Gantt's Digest.*

I.   The act imposes duties on the County Court that it
cannot perform under the Constitution. *Art.* 7, *Sec.* 28,
*Con. of Ark.*

The act is indivisible, and being void in part, is void
*in toto. Bittle* v. *Stuart,* 34 *Ark.*

II.   The provision requiring sales to be public is merely
directory.  Where it is to the interest of all parties that the
sale be private, it is competent to so direct. *Feild* v. *Dortch,*
34 *Ark.,* 339 ; *Neil* v. *Burrows, Id.,* 494.

*J. Erb,* for appellee :

The assignment is void on its face, because it does not
comply strictly with *ch.* 10, *Gantt's Digest.* See manuscript
opinion of CALDWELL, J., in *Bartlett, Reed & Co.* v. *Teat
et al, decided Oct. Term,* 1879, *U. S. Ct. Ct., East Dist.,
Ark. ;* also 3 *N. Y., Rep.,* 215, 220 ; 27 *Ib.,* 311 ; 1 *Wis.,
Rep.,* 286, 313–14 ; 1 *Sand. Chan'y.,* 4 ; *Gardner* v. *Com.
Nat. Bk., S. C., Ill., May* 18, 1880 (*The Reporter, Vol.
X,* 300) ; *Nisbit* v. *Digby,* 13 *Ill.,* 301 ; *Hardin* v. *Osborne,*
60 *Ill.,* 101 ; *McIntire* v. *Benson,* 20 *Ill.,* 500 ; *Sackett* v.

*Mansfield*, 26, *Ill.*, 21.; *Curtis* v. *Leavitt*, 15 *N. Y.*, 10; *Brigham* v. *Tillinghast*, 13 *N. Y.* 214; *Dunham* v. *Waterman*, 17 *N. Y.* 9; *Jessup* v. *Hulse*, 21 *N. Y.*, 168; *McCleery* v. *Allen*, 7 *Neb.*, 21. These decisions are based on the Common Law doctrine and are therefore of greater weight and value.

The assignment authorizes a sale on a credit and at retail; either of these provisions vitiates the instrument. *Hardman* v. *Bowan*, 39 *N. Y.* 196; *Julian* v. *Rathbone, Ib.*, 369; *Brieton* v. *Lorenz*, 45 *Ib.*, 51; *Syracuse R. R.* v. *Collins*, 57 *Ib.*, 641; *Brennen* v. *Wilson*, 71 *Ib.*, 502; *Burrill on Assignments, section* 224 *and cases cited.* Being void *in part* because contrary to the provisions of a Statute, it is void *in toto.* 4 *Paige* 23; 11 *Wend.*, 187; 2 *Mich.*, 460; 1 *Ind.*, 411; 26 *Vt.*, 472.

The act is constitutional. *Sec.* 34 *of Art.* 7., *Con. Ark.*, does not limit the powers of Probate Courts to the duties therein set forth. It merely prescribes that they shall have exclusive jurisdiction of certain subjects therein specified, but does not say that they shall perform no other duties. The duties required are only *ministerial.* *State* v. *Collins*, 19 *Ark.*, 587; *State* v. *Chase*, 5 *Har. & J.* (*Md.*), 257. *In re Gill.* 5 *Wis.*, 686.

ENGLISH, C. J. On the twenty-third of May, 1878, Jarrett & Co., merchants of Little Rock, who were unable to pay their debts, made a general deed of assignment of all their stock of merchandise, choses in action, and other property, to Patrick Raleigh, as trustee, for the benefit of all their creditors. Raleigh gave bond and took possession of the goods.

Two days after the execution of the deed, Musor Bros., and Mesker Bros., creditors of Jarrett & Co., who, it seems, had recovered judgments against them before a Justice of the Peace, sued out executions upon the judgments, which

· Raleigh v. Griffith.

were placed in the hands of Joseph Griffith, a constable, and he levied them on part of the goods embraced in the deed of assignment, and took possession of them.

Raleigh brought replevin for the goods against Griffith in the Pulaski Circuit Court, the issues made by the pleadings were tried before the Court, and after hearing the evidence, the Court declared as law, that the deed of assignment was fraudulent on its face by reason of the authority given therein to the plaintiff, as trustee, to sell the goods contrary to the express provisions of the Statute, etc., and rendered judgment that the goods replevied be restored to Griffith, or on failure, that he recover their value as found. A new trial was refused and the plaintiff took a bill of exceptions and appealed.

The counsel for appellant has submitted but two propositions :

*First.* That the assignment act imposes duties on the Probate Court that it cannot perform under the constitution, that the act is indivisible, and being void in part is void in toto.

*Second.* That the provision of the act, requiring sales to be public, is merely directory, and that where it is plainly to the interest of all parties that the sale be private, the deed may so direct.

1. ASSIGN-MENT: Statute of, constitutional.

It was ruled in *Clayton* v. *Johnson,* 36 *Ark.,* 406, that the act was not unconstitutional.

The second proposition presents a question not heretofore decided by this Court.

Sale must be public.

The third section of the act provides that : "Said assignee shall be required to sell all the property assigned to him for the payment of debts at public auction within one hundred and twenty days after the execution of the bond required by this act, and shall give at least thirty days notice of the time and place of such sale," etc. *Gantt's Digest, Sec.* 387.

Raleigh v. Griffith.

The deed of assignment, after conveying the property to the assignee, provides, "that the party of the second part (the assignee) shall take possession of all· and singular the property and effects hereby assigned, and sell and dispose of the same, either, at public or private sale to such person or persons for such prices and on such terms and conditions, and either for cash or upon credit, as in his judgment may appear best and most for the interest of the parties concerned, and convert the same into money," etc.

It also provides that the assignee "shall first pay and disburse all the· just, reasonable and usual expenses, costs, charges and commissions of making, executing and carrying into full effect this assignment and the objects thereof; in doing which he is hereby authorized to employ one or more agent or agents, attorney or attorneys, who shall be paid out of the proceeds of sale a reasonable compensation for their services," etc.

He was also authorized to keep the property insured and to pay the rent of the premises, then occupied by the assignors, until the property and effects, embraced in the trust, should be disposed of, etc.

There was evidence that after the assignment, the goods were marked and the business carried on as before; the sales were continued at retail in the ordinary course of business.

In providing for the sale of the property, the Statute is disregarded in the deed of assignment. The assignee was authorized to sell at private or public sale, and for cash or credit. Under such provisions, it was in the power and discretion of the assignee to prolong the execution and closing of the trust for an indefinite period. The Legislature deemed it expedient, as matter of public policy, to require assignees in general deeds of assignments for the benefit of creditors, to sell all property assigned to them for the payment of

debts, at public auction, within one hundred and twenty days after the execution of the bond, etc., on thirty days notice of the time and place of sale. The power of the Legislature, to make such regulation, has never been judicially questioned.

The Supreme Courts of a number of the States have held, in the absence of any Statute regulating the mode of sale, that a provision in a deed of assignment, authorizing an assignee to sell by retail or on credit, rendered the deed fraudulent and void as to creditors, under the general Statute of fraud, as tending to hinder and delay them in the collection of their claims. See the cases as collected and reviewed in *Burrill on Assignments*, *third Edition*, *Sec.* 218 to 225.

There are also contrary decisions in other States, but we deem it needless to undertake to ascertain and decide how the weight of authority is. The Statute prescribes a mode of sale in this State, and dissenting creditors are not bound by a deed, made in direct contravention of a plain provision of the Statute.

In *Clayton* v. *Johnson, Sup.*, it was said that inasmuch as the Statute required the assignee to sell the property at public auction, and within a fixed time, it was not therefore in the power of an insolvent debtor, by assignment, to tie up his property in the hands of an assignee for an indefinite period, with the view of coercing any reluctant creditors to accept a provision which they might dislike.

Affirmed.