## FALCONER v. HUNT ET AL.

ASSIGNMENT: *When assignee may sue for conversion of the goods.*

The assignee, in a deed of assignment, can not maintain an action against an officer for taking the assigned goods under a writ of attachment against the assignor, until he has filed the inventory in the Probate Court and given the bond required by the statute.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*N. & J. Erb* and *Du Val & Cravens,* for appellant:

To maintain trespass, appellees must have been in actual or constructive possession at the time of the seizure. *Putnam v. Wyley, 8 John., 432; Hume v. Tufts, 6 Blackf. (Ind.), 136; Cannon v. Kinney, 4 Ill. (3 Scan.), 9; McFarland v.*

*Smith*, 1 *Miss.* (*Walk.*), *172; Belle v. Monahan, Dudley* (*S. C.*), *38; Dallam v. Fitler, 6 Watts & S.* (*Pa.*), *323; Hammer, v. Wilsey, 17 Wend.* (*N. Y.*), *91; Edwards v. Edwards, 11 Vt., 587; Sunt. v. Brown, 13 Me., 231; Freeman v. Rankins, 21 Me., 446.*

No bond was given, nor inventory filed (*Gantt's Digest,* section *385; Thatcher v. Franklin, 37 Ark.*); and, until this was done, they could maintain neither trespass nor replevin.

This same deed was held void in *Bartlett, Reed & Co. v. Teah, 1 McCrary, 177,* and a similar one in *Raleigh v. Griffith, 37 Ark., 150.*

SMITH, J. This was an action by the assignees under the deed of assignment which was considered in *Teah v. Roth, ante,* against the Sheriff, to recover the value of certain goods seized by him. The Sheriff justified under a writ of attachment against the plaintiff's assignor, and averred that the goods were her property, notwithstanding the pretended assignment; and, further, that the plaintiffs had never filed in the office of the Clerk of the Probate Court an inventory and description of the property assigned, nor given bond for the faithful discharge of their duties. On the trial it was proved that the plaintiffs had not complied with the requirements of the law in the above-mentioned particulars, and the defendant requested a direction to the jury, practically to the effect that, until they had done so, they had no standing in court. His prayer was denied; the plaintiffs obtained a verdict and judgment for $1,000, and the refusal of the court to charge as prayed was one of the grounds of the motion for a new trial.

The instruction was proper. *Clayton v. Johnson, 36 Ark., 406; Raleigh v. Griffith, 37 ib., 150.*

In the case last cited it was ruled that the assignee could not maintain replevin until he had filed his schedule and bond. No more can he support trespass or trover, for both of these actions are based upon a right of possession in the plaintiff at the time of the injury, or of the conversion.

Reversed and remanded for a new trial.