## JAFFRAY *v.* McGEHEE.

1. The statute of Arkansas prescribing the manner in which property assigned for the benefit of creditors shall be sold is mandatory.
2. An assignment made in the State is void if it vests in the assignee a discretion in conflict with the provisions of that statute, and authorizes him in effect to sell such property in a manner which they do not permit.

APPEAL from the Circuit Court of the United States for the Eastern District of Arkansas.

The statutes of Arkansas contain the following provisions:—

" SECT. 385. In all cases in which any person shall make an assignment of any property, whether real, personal, or choses in action, for the payment of debts, before the assignee thereof shall be entitled to take possession, sell, or in any way manage or control any property so assigned, he shall be required to file in the office of the clerk of the court exercising probate jurisdiction, a full and complete inventory and description of such property; and also make and execute a bond to the State of Arkansas in double the estimated value of the property in said assignment, with good and sufficient security, to be approved by the judge of said court, conditioned that such assignee shall execute the trust confided to him, sell the property to the best advantage, and pay the proceeds thereof to the creditors mentioned in said assignment, according to the terms thereof, and faithfully perform the duties according to law."

" SECT. 387. Said assignee shall be required to sell all the property assigned to him for the payment of debts, at public auction, within one hundred and twenty days after the execution of the bond required by this act, and shall give at least thirty days' notice of the time and place of such sale.  And any person damaged by the neglect, waste, or improper conduct of such assignee, shall be

entitled to bring his action on the bond in the name of the State for the use and benefit of such person." Gantt's Digest, pp. 207 and 208.

While these sections were in force, to wit, on Dec. 19, 1878, James C. Moss and John S. Bell, partners under the name of Moss & Bell, doing business as merchants at Pine Bluff, Arkansas, conveyed, by an assignment in writing, all their goods, wares and merchandise, and choses in action to the defendant James M. Hudson, as trustee in trust for the payment of their debts. The deed of assignment preferred certain creditors who afterwards became the complainants in this suit, and required the trustee to pay them in full if the proceeds of the property assigned should be sufficient for that purpose, and if there should be any surplus, to pay it share and share alike to other creditors. The powers conferred on the trustee were as follows : " To sell and dispose of all of said property for cash as he should deem advisable and right, and to this end to use his own discretion, subject to the supervision of the creditors, . . . and to conduct and transact all of the business as he may deem proper in the exercise of a sound discretion, and as he shall deem most advisable, for the benefit of creditors and their trust ; and he shall have power to appoint such assistants, agents, and attorneys as in his judgment may be necessary to enable him to fulfil this trust," &c.

Hudson accepted the trust. On the 21st of December, 1878, he gave bond according to law, and filed in the office of the clerk of the Probate Court an inventory of the property conveyed to him by the assignment. On the same day, McGehee, Snowden, & Violett recovered in the court below a judgment against Moss & Bell for $10,992. An execution which was issued thereon Jan. 12, 1879, came that day into the hands of the marshal of the district, who levied it on, and took into his possession, the assigned goods and chattels, and was about to advertise and sell them to satisfy the writ, when the bill in this case was filed by the preferred creditors. The bill recited the foregoing facts, and prayed an injunction against the marshal and McGehee, Snowden, & Violett, forbidding them to interfere with the property assigned to Hudson, and that they might be decreed to return the same to him, &c.

The defendants demurred to the bill for want of equity. The Circuit Court sustained the demurrer on the ground that the deed of assignment was void on its face, and dismissed the bill. The complainants thereupon appealed.

*Mr. S. F. Clark* and *Mr. S. W. Williams* for the appellants. *Mr. U. M. Rose* for the appellees.

MR. JUSTICE WOODS delivered the opinion of the court.

The statute of Arkansas provides that the property assigned for the benefit of creditors shall be sold at public auction within one hundred and twenty days after the execution of the bond required of the assignee.

The deed of assignment in effect authorized the assignee to sell at private sale, and at such time and in such manner as he should deem advisable and right. Under this power he could wait an indefinite time, and then sell the property at wholesale, or he could carry on the business of selling off the stock of goods in the ordinary way of retail merchants, and without any limit of time within which the sale should be completed. The powers conferred by the deed of assignment were, therefore, in direct opposition to the policy of the statute. It is true the powers conferred on the trustee were subject to the supervision of the creditors. But this could only mean a majority of the creditors. The assignee was, therefore, authorized by the assignment to dispose of the property assigned in a manner different from that pointed out by the statute, and in disregard of the wishes and remonstrances of a minority of the creditors. The question presented is therefore this, Is an assignment for the benefit of creditors, which authorizes the assignee to violate the provisions of the statute regulating such assignments, valid and binding on the creditors of the assignor?

The contention of the appellant is that the assignment is valid, 1, because the discretion given the assignee by the assignment leaves him at liberty to follow the law; and, 2, because, even if the assignment required him to administer the trust in a manner different from that prescribed by the law, only such directions as conflicted with the law would be void, and the assignment itself would remain valid.

We think that, under the construction given the assignment law by the Supreme Court of Arkansas in *Raleigh* v. *Griffith,* 37 Ark. 150, these positions cannot be maintained. The assignment in that case provided as follows : " The party of the second part," the assignee, " shall take possession of all and singular the property and effects hereby assigned, and sell and dispose of the same, either at public or private sale, to such person or persons, for such prices and on such terms and conditions, either for cash or upon credit, as, in his judgment, may appear best and most for the interest of the parties concerned, and convert the same into money."

It will be observed that the terms of the assignment did not prevent the assignee, in the administration of his trust, from following the directions of the statute in all particulars. He was at liberty to sell for cash at public auction, and within one hundred and twenty days after the filing of his bond. But the assignment vested him with a discretion to do otherwise. The court declared the assignment to be void. It said : "In providing for the sale of the property, the statute is disregarded in the deed of assignment; the assignee was authorized to sell at a private or public sale, and for cash or credit. Under such provision it was in the power and discretion of the assignee to prolong the execution and closing of the trust for an indefinite period. The legislature deemed it expedient, as a matter of public policy, to require assignees, in general deeds of assignment for the benefit of creditors, to sell all property assigned to them, for the payment of debts, at public auction, within one hundred and twenty-five days after the execution of the bond, on thirty days' notice of the time and place of sale." And the court declared : " The statute prescribes a mode of sale in this State, and dissenting creditors are not barred by a deed made in direct contravention of a plain provision of the statute."

The effect of this decision — and there is no other decision of that court in conflict therewith — is that the provisions of the statute respecting the sale of property assigned for the benefit of creditors are mandatory and not directory. See also *French* v. *Edwards,* 13 Wall. 506. This being the construction put upon the law by the Supreme Court of the State

when the assignment in this case was made, it is binding on the courts of the United States. *Brashear* v. *West*, 7 Pet. 608; *Sumner* v. *Hicks*, 2 Black, 532; *Leffingwell* v. *Warren*, id. 599. It follows that the assignment, which vests the assignee with a discretion contrary to the mandates of the statute, and in effect authorizes him to sell the property conveyed thereby in a method not permitted by the statute, must be void, for contracts and conveyances in contravention of the terms or policy of a statute will not be sanctioned. *Peck* v. *Barr*, 10 N. Y. 294; *Macgregor* v. *Dover & Deal Railway Co.*, 18 Q. B. 618; *Jackson* v. *Davison*, 4 Barn. & Ald. 691; *Miller* v. *Post*, 1 Allen (Mass.), 434; *Parton* v. *Hervey*, 1 Gray (Mass.), 119; *Hathaway* v. *Moran*, 44 Me. 67.

The result of these views is that the decree of the Circuit Court dismissing the bill, because the assignment in question was void on its face, was right, and must be

*Affirmed.*