## RICE and others *v.* FRAYSER and others.

*(Circuit Court, E. D. Arkansas.  July 25, 1885.)*

1. ARKANSAS STATUTE OF ASSIGNMENTS CONSTRUED—POSSESSION OF ASSIGNED PROPERTY.

    The statute of Arkansas regulating assignments for the benefit of creditors prohibits the assignee from taking possession of the assigned property until he gives bond and files an inventory of the property; and a deed of assignment that stipulates that the assignee shall take possession of the property before he gives the bond and files the inventory, as required by the statute, is void.  No inquiry is permissible to show that no fraud was intended, or that the statute was violated for an honest purpose.

2. SAME—NOTICE OF SALE.

    The statute provides that the assignee "shall give at least thirty days' notice" of the sale of assigned property, and a deed that provides for a sale upon "twenty days' notice" is void.

3. SAME—REQUIREMENTS OF STATUTE MANDATORY.

    The provisions of the statute respecting the possession and sale of property assigned for the benefit of creditors are mandatory and not directory, and a deed which contravenes these provisions is void.

4. STATE DECISIONS BINDING ON UNITED STATES COURTS.

    The decisions of the supreme court of a state relating to the validity of deeds of assignments made in such state are binding on the courts of the United States.

At Law.

On the twenty-ninth day of January, 1885, the defendants, Frayser, Mitchell & Co., merchants, made an assignment of their stock of merchandise and other property, for the benefit of their creditors, to L. N. Black, trustee.  The deed of assignment contains this provision following the granting clause:  "And they hereby deliver the same into the possession of said L. N. Black, trustee."  And later on it is provided:  "And it is hereby stipulated that said party of the second part shall execute bond, as required by law, make and file a true and perfect inventory and description of said property, and shall thereupon advertise said property for twenty (20) days, by publication in some newspaper printed in said Cross county."  The statutes of Arkansas regulating such assignments contain the following provisions:

"Sec. 305. In all cases in which any person shall make an assignment of any property, whether real, personal, mixed, or choses in action, for the payment of debts, before the assignee thereof shall be entitled to take possession, sell, or in any way manage or control any property so assigned, he shall be required to file, in the office of the clerk of the court exercising equity jurisdiction, a full and complete inventory and description of such property, and also to make and execute a bond to the state of Arkansas in double the estimated value of the property in said assignment, with good and sufficient security, to be approved by the clerk of said court, conditioned that such assignee shall execute the trust confided to him, sell the property to the best advantage, and pay the proceeds thereof to the creditors mentioned in said assignment, according to the terms thereof, and faithfully perform the duties according to law."  Act February 16, 1859, § 1, as amended by act February 23, 1883.

"Sec. 309. Said assignee shall be required to sell all the property assigned to him for the payment of debts, at public auction, within one hundred and twenty days after the execution of the bond required by this act, and shall give at least thirty days' notice of the time and place of such sale; and any person damaged by the neglect, waste, or improper conduct of such assignee shall be entitled to bring his action on the bond, in the name of the state, for the use and benefit of such person." Act February 16, 1859, § 3; Mansf. Dig. 219, 220.

The plaintiffs sued out an attachment against the defendants, and attached the property in the possession of the assignee under the deed of assignment, upon the ground that the deed was in contravention of the statute and void.

*U. M. & G. B. Rose*, for plaintiffs.

*Greer & Adams*, for defendants.

CALDWELL, J. The execution of the deed, and the delivery of possession of the property to the assignee under it, were simultaneous acts. The deed declares "they hereby deliver the same into the possession of said L. N. Black, trustee." A subsequent provision of the deed requires the assignee to execute a bond before he sells the property, but that the deed contemplates that the actual possession of the property shall pass to the trustee before he executes a bond or files an inventory, and that the possession did so pass is not controverted. It is said by the learned counsel who argued this cause for the defendants that it has been decided in *Clayton* v. *Johnson*, 36 Ark. 407, that such a provision in a deed, and possession taken under it, does not affect the validity of the assignment. This is a misconception of what was decided by the court in that case. The court in that case decided but three propositions, viz.: (1) That the statute regulating assignments was constitutional; (2) that the execution and delivery of the deed of assignment vests the legal title to the property in the assignee, and entitles him to "access" to the property for the purpose of making the inventory, but that he cannot take possession of the property, or sell or in any way manage or control it, until he gives the bond and files the inventory required by the statute; (3) that the assignor may exact releases.

The defendant in that case might, at the trial, have raised other questions, but these were the only questions of law reserved, and of course the court could not pass on any others. It is clear from the later decisions of the court that the deed in that case was bad for several reasons, and must have so been held if the points had been raised. The construction of the statute of assignments by the supreme court of the state is binding on the courts of the United States. The points raised and decided in the case of *Clayton* v. *Johnson* are rules of decision in this court, but the effect of a stipulation in the deed that the assignee shall take possession before giving the bond and filing the inventory required, or the effect of his taking possession independently of any stipulation in the deed, did not arise, and was not considered or decided, in that case. The statute is peremptory that the

assignee shall not take possession, sell, or in any way manage or control the property assigned until he has given the bond and filed the inventory required. In this respect the statute of this state has no counterpart. The supreme court of the state have never decided that an assignee may lawfully do what the statute expressly says he shall not do; or that a deed containing a provision that the assignee shall do what the statute, in terms, says he shall not do, is valid. When that court decided that the execution and delivery of the deed passed the legal title to the assigned property to the assignee, it seems to have been taken for granted by some that the right of possession passed with the title, without the execution of the bond and inventory by the assignee, and that in some way the provision of the statute on that subject had been abrogated. This delusion was speedily removed by the supreme court.

In *Thatcher* v. *Franklin*, 37 Ark. 64, an assignee who had not given bond or filed an inventory brought replevin for the assigned property. The circuit court, misinterpreting the case of *Clayton* v. *Johnson*, held he could recover; but the supreme court said:

"But, though the deed vested the legal title to the goods in the trustee, yet, by the express language in the statute regulating assignments, (Gantt's *Dig.* §§ 385, 387,) before he was entitled to take possession, sell, or in any way manage or control the property assigned, he was obliged to file the schedule and execute the bond required by the act. This case differs from the case of *Clayton* v. *Johnson, supra*. In that case, the trustee filed the schedule and executed bond before he brought replevin, as provided by the statute. In this case, it appears that the trustee paid no attention to the statute. The court below erred in refusing to charge the jury, as moved by appellants, in effect, that plaintiff having failed to file the schedule and give bond, as required by the statute, could not maintain replevin for the goods."

This doctrine was affirmed in *Falconer* v. *Hunt*, 39 Ark. 68. The result of the opinions in *Clayton* v. *Johnson* and *Thatcher* v. *Franklin* is that the legal title to the property assigned passes to the assignee by the execution and delivery of the deed of assignment; that "he is entitled to access to" the property to make the invoice; but that he cannot take possession, and has no right to the possession, until he gives bond and files an inventory. Until this is done, the assignor must retain the possession of the property. The result is not a novel one. It often occurs that the legal title to property is in one person, and the possession and right of possession in another. There never was any excuse for misapprehension on this subject; for the court in *Clayton* v. *Johnson* were particular to say: "But whether the conveyance be of real or personal property, and whether the assignor make and attach to the deed a schedule or not, the assignee must file a schedule of the property embraced by the deed before he can take possession of, sell, or in any way control or manage it. If the property be goods, choses in action, etc., he is entitled to access to them for the purpose of making the schedule, if the assignor has not attached to the deed a satisfactory one."

The court here distinguishes between "possession" and "access," giving to each word its appropriate meaning. The term "access," as here used by the court, means liberty to approach and inspect the property, and that is all the assignee can do until he gives the bond. "Possession," in the sense of the statute, means much more than "access." "Possession" is that condition of fact under which one can exercise his power over a corporeal thing at his pleasure, to the exclusion of all others. Burrill, Law Dict. tit. "Possession." This right belongs to the assignor until his assignee qualifies. The prohibition in the statute is addressed to the assignor as well as the assignee. The one is forbidden to give, and the other forbidden to take, the possession until the assignee qualifies himself to receive the possession in the mode pointed out by the statute. The statute requires this, and a deed which provides the contrary is in the teeth of the statute. The court must presume the statute was enacted for some useful purpose. It is obvious its purpose was to prevent frauds; and a deed of assignment directing or authorizing the assignee to act contrary to an express injunction of the statute, renders the deed fraudulent and void in law. No inquiry is permissible to show no fraud was intended, or that the statute was violated for an honest purpose. See further, on this point, *Aaronson* v. *Deutsch, post*, 465.

The statute says the assignee "shall give at least thirty days' notice of the time and place of" the sale of the assigned property, and this deed provides for a sale of the assigned property upon "twenty days'" notice. It is admitted that the authority given to the assignee to sell upon giving "twenty days'" notice is in contravention of the statute; but it is said that this requirement of the statute, as well as that relating to the right of the assignee to take possession, is directory; and that, if this be not so, the assignee is bound to follow the law, notwithstanding the terms of the deed; and that only such provisions of the deed as are in conflict with the law are void. These arguments are not new. They were addressed to the supreme court of this state in *Raleigh* v. *Griffith*, 37 Ark. 150, and the court said:

"In providing for the sale of property, the statute is disregarded in the deed of assignment. The legislature deemed it expedient, as matter of public policy, to require assignees, in general deeds of assignment for the benefit of creditors, to sell all property assigned to them for the payment of debts, at public auction, within one hundred and twenty days after the execution of the bond, etc., on thirty days' notice of the time and place of sale. The statute prescribes a mode of sale in this state, and dissenting creditors are not bound by a deed made in a direct contravention of a plain provision of the statute."

In *Teah* v. *Roth*, 39 Ark. 66, the court said:

"The deed empowered the assignees to retail the goods privately for twelve months, and then to sell the remnant by public auction. This is in contravention of our statute of assignments, which directs a public sale within one hundred and twenty days after the assignee takes upon himself the execution of the trusts of the assignment. And the legal effect is to avoid the deed, as against non-assenting creditors."

The same arguments were addressed to the supreme court of the United States in *Jaffrey* v. *McGehee*, 107 U. S. 361, S. C. 2 Sup. Ct. Rep. 367,—a case appealed from this court,—and that court said:

"The question presented is, therefore, this: Is an assignment for the benefit of creditors, which authorizes the assignee to violate the provisions of the statute regulating such assignments, valid and binding on the creditors of the assignor? The contention of the appellant is that the assignment is valid, (1) because the discretion given the assignee by the assignment leaves him at liberty to follow the law; and (2) because, even if the assignment required him to administer the trust in a manner different from that prescribed by the law, only such directions as conflicted with the law would be void, and the assignment itself would remain valid. We think that under the construction given the assignment law by the supreme court of Arkansas in *Raleigh* v. *Griffith*, 37 Ark. 150, these positions cannot be maintained. The effect of this decision—and there is no other decision of that court in conflict therewith—is that the provisions of the statute respecting the sale of property assigned for the benefit of creditors are mandatory and not directory. It follows that the assignment, which vests the assignee with a discretion contrary to the mandates of the statute, and in effect authorizes him to sell the property conveyed thereby in a method not permitted by the statute, must be void; for contracts and conveyances in contravention of the terms or policy of a statute will not be sanctioned. *Peck* v. *Burr*, 10 N. Y. 294; *Macgregor* v. *Dover & D. Ry. Co.* 18 Q. B. 618; *Jackson* v. *Davison*, 4 Barn. & A. 691; *Miller* v. *Post*, 1 Allen, 434; *Parton* v. *Hervey*, 1 Gray, 119; *Hathaway* v. *Moran*, 44 Me. 67."

It would seem the assignee is bound to observe the terms of the deed, though they conflict with the law, because the condition of his bond is that he "will execute the trust confided to him * * * according to the terms thereof." The supreme court of the state has laid down the rule that the requirements of the statute regulating assignments are mandatory, and that any stipulation in the deed in contravention of these requirements avoids the instrument. This ruling is in harmony with the general, though not quite uniform, doctrine of the authorities, and is binding on this court. Mr. Burrill says: "The principle that an assignment fraudulent in any of its provisions is void *in toto* is said to be too well established to need any reference to authorities to support it." Burrill, Assignm. § 352; *Pierson* v. *Manning*, 2 Mich. 460; *Caldwell* v. *Williams*, 1 Ind. 411; *Mussey* v. *Noyes*, 26 Vt. 472; *Wakeman* v. *Grover*, 4 Paige, 23; S. C. 11 Wend. 187. And such has been the uniform ruling of this court, concurred in by Circuit Judges DILLON and McCRARY. *Bartlett* v. *Teah*, 1 FED. REP. 768; *Schoolfield* v. *Johnson*, 11 FED. REP. 297. In Burrill, Assignm. § 319, it is said: "An assignment may be void without being positively fraudulent, as where it fails to comply with some merely formal statutory requirement." It is not for the debtor to assume that he can devise a better mode of administering the trust than that prescribed by the statute; and whenever he has attempted to do so the assignment has been adjudged void. An assignee in a deed of assignment for the benefit of creditors is not a purchaser for value, and has none of the equities of such a purchaser. He must

stand on the letter of his deed, and if that is in contravention of the law it is void. The deed was fraudulent and void in law, and this fact supports the attachment. *Dodd* v. *Martin,* 15 FED. REP. 338; *Whedbee* v. *Stewart,* 40 Md. 414; *Teah* v. *Roth,* 39 Ark. 66.