HILL *et al. v.* WOODBERRY *et al.*

(*Circuit Court of Appeals, Eighth Circuit.* January 25, 1892.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY.
     The provision in a deed of assignment for the benefit of creditors authorizing the assignee to "sue for" accounts, notes, etc., is in harmony with the law of Arkansas, and does not vitiate the deed.

2. REVIEW ON APPEAL.
     Where the court's findings are special the circuit court of appeals cannot inquire whether the evidence supports the special findings of facts, but only whether the facts found are sufficient to support the judgment.

3. FRAUDULENT CONVEYANCES—EFFECT ON ASSIGNMENT.
     A fraudulent disposition of property invalidates a subsequent assignment for the benefit of creditors only where the deed of assignment is part of a scheme to defraud, and the provisions of the deed are calculated to promote that object.

In Error to the Circuit Court of the United States, Eastern District of Arkansas.

Action by Hill, Fontaine & Co. against Woodberry & Hamilton, in which an attachment was sued out. John M. Denman, as assignee of defendants, interpleaded. Plaintiffs appeal from a judgment for the interpleader. Affirmed.

*Harvey & Hill* and *Atkinson, Tompkins & Greeson,* for plaintiffs in error.

*C. C. Hamby* and *Thos. C. McRae,* for defendant in error, J. M. Denman, interpleader.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge. On the 12th day of March, 1891, Woodberry & Hamilton, partners in the mercantile business at Prescott, Ark., executed a deed of assignment to Denman, as assignee, for the benefit of their creditors, without preferences, of their stock of merchandise, notes, and accounts, "and also all other property, of every name, nature, and description, to them belonging." On the same day, but after the execution and delivery of the deed of assignment, the plaintiffs in error commenced an action in which they sued out a writ of attachment against Woodberry & Hamilton for the sum of $14,900.34, and caused the marshal to levy the same on the property which the defendants had conveyed to Denman as assignee for the benefit of their creditors. The assignee intervened in the action in the court below, and filed an interplea, claiming the property attached under the deed of assignment. The issues between the plaintiffs and the assignee arising on the interplea were, by agreement of the parties, tried before the court, which made a special finding of facts, upon which judgment was rendered in favor of the interpleader; and thereupon the plaintiffs sued out this writ of error.

The deed of assignment authorizes the assignee "to demand, sue for, collect, and receipt for" the accounts, notes, and evidences of debt assigned to him by the deed. The trial court held the authority conferred on the assignee to "sue for" the collection of the choses in action did

not render the deed void; and this ruling is assigned for error. It is settled by repeated decisions of the supreme court of Arkansas, construing the statute of the state relating to assignments for the benefit of creditors, (sections 305–309, Mansf. Dig.;) that any provision in the deed which authorizes or directs the assignee to administer the trust in a different manner from that prescribed by the statute renders the deed void. *Raleigh* v. *Griffith*, 37 Ark. 150; *Teah* v. *Roth*, 39 Ark. 66; *Jaffray* v. *McGehee*, 107 U. S. 361, 2 Sup. Ct. Rep. 367; *Rice* v. *Frayser*, 24 Fed. Rep. 460; *Collier* v. *Davis*, 47 Ark. 373, 1 S. W. Rep. 684. But there is nothing in the statute which in terms or by implication prohibits the assignee from bringing suit to collect a debt due the estate. Under the statute as amended by the act of February 23, 1883, the assignee administers the trust under the supervision of the court of chancery. It is provided by section 306 that the "assignee shall at the first term of the court after one year from the date of the assignment, and at the corresponding term of said court every year thereafter, until the proceeds of the property assigned be disposed of for the benefit of creditors, present to the court a fair written statement or account current, in which he shall charge himself with the whole amount of the property assigned, including all debts due or to become due. * * *" Section 307 provides that "such account shall be carefully examined by the court, and upon such examination the court shall allow the assignee for all the debts with which he stands charged, which the court shall be satisfied could not be collected. * * *" These provisions clearly contemplate the collection by the assignee of the collectible debts due the estate. He is not entitled to credit for the uncollected debts with which he stands charged until he satisfies the court that they "could not be collected." Suppose an assignee should ask the court to credit him with uncollected debts, stating in his application for such credit that the debtors were solvent, and had no defense to the debts, but would not pay without suit. Would the court, upon such a showing, credit him with the amount of such debts upon the ground that they "could not be collected?" Are the debts due from solvent debtors to be treated as uncollectible, and returned as worthless, whenever the debtors neglect or refuse to pay them voluntarily? The power and authority of the assignee to collect debts is not limited to dunning the debtors. It is his duty to collect the debts due the estate; and that duty is not discharged by simply demanding payment of the debtor who will not pay voluntarily, but who can be compelled to pay by suit. The clause in the deed empowering the assignee to sue for the collection of the choses in action is a useless one; but it does not vitiate the deed, for the reason that it is in harmony with the law, and confers on the assignee no power which he would not have possessed if it had been omitted. It is not necessary in this case to decide, and we do not decide, whether, upon a consideration of all the provisions of the statute, the term "property," as used in section 309, includes the choses in action. In any event it would be the duty of the assignee to collect all the debts he could within the 120 days; and for that purpose he would have the right, and it

would be his duty, to bring suit against a debtor when necessary to collect or secure the debt. If choses in action have to be sold under section 309, the fact that suits are pending for their collection is no impediment to their sale.

The court below, among its other findings of fact, found that Woodberry, of the firm of Woodberry & Hamilton, withdrew from the firm assets "during the year 1890, and up to March 2, 1891," the sum of $3,768.46, "and that that sum was largely in excess of the amount required for the necessary expenses of said Woodberry, and was more than the amount contributed by him to the capital stock of said firm." The plaintiffs in error contend that the withdrawal by Woodberry of the sum mentioned from the firm assets was a fraudulent act, and that the subsequent making of the deed of assignment for the remaining firm assets was the last act in a scheme to defraud the firm creditors. The conclusive answer to this contention is that the court below expressly finds "that all the improper acts of the defendant Woodberry in the use of partnership funds were prior to the execution of the assignment," and "that the assignment was and is free from any fraud, and conveys all the firm property, and was executed and delivered prior to the suing out of the order of attachment herein, and that the title to the said property passed to the assignee, and is not subject to the attachment." The express finding of the court "that the assignment was and is free from any fraud" is conclusive of that question. It is earnestly contended that the evidence did not warrant this finding of the court, but this court cannot inquire whether the evidence warranted the special finding of the court below. Where the court's findings are special, it is required to state the ultimate facts, and not the evidence; and such special finding of facts are all the facts that this court can consider. The inquiry in this court in such cases is not whether the evidence supports the special finding of facts, but only whether the facts found are sufficient to support the judgment. *Norris* v. *Jackson,* 9 Wall. 125; *Tyng* v. *Grinnell,* 92 U. S. 467.

An insolvent firm may undoubtedly make a valid assignment of the partnership property for the payment of the partnership debts. The validity of such an assignment is not affected by the fact that, before it was made, one member of the firm wrongfully or fraudulently appropriated to his own use a part of the firm assets. Such wrongful or fraudulent act of one of the partners may have compelled the firm to make an assignment for the equal protection of all their creditors. It is very well settled that a fraudulent disposition of property by a debtor does not of itself impair a subsequent general assignment for the benefit of his creditors. *Estes* v. *Gunter,* 122 U. S. 450, 456, 7 Sup. Ct. Rep. 1275. A fraudulent disposition of property invalidates a subsequent assignment for the benefit of creditors only where the deed of assignment is part of a scheme to defraud creditors, and the provisions of the deed are calculated to promote that object. Upon the facts found the judgment of the court below was right, and must be affirmed.