## BLACKFORD v. WESTCHESTER FIRE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1900.)

No. 1,314.

ASSIGNMENT—VALIDITY—PERSONS ENTITLED TO ATTACK.

The validity of an assignment of a chose in action cannot be attacked by the debtor in an action thereon by the assignee on the ground that it was in fact an assignment for the benefit of creditors, and void, as such, because of a failure to comply with statutory requirements, as, conceding the facts alleged to be true, the assignment is voidable only, and subject to attack only by creditors of the assignor.

In Error to the United States Court of Appeals in the Indian Territory.

On the 14th day of February, 1893, the Westchester Fire Insurance Company, the defendant in error, issued to Mrs. M. G. Dane a policy insuring her storehouse and office fixtures from loss by fire in the sum of $133, and her stock of goods in the storehouse in the sum of $600. On the 15th day of April, 1893, the property insured was destroyed by fire. On the 24th day of April, 1893, Mrs. Dane executed the following assignment of the policy to G. L. Blackford, the plaintiff in error:

"For value received I hereby transfer, assign, and set over unto G. L. Blackford, trustee, and his assigns, all my title and interest in this policy, and all advantage to be derived therefrom. Witness my hand and seal this 24th day of April, 1893.                    M. G. Dane."

On the 5th day of May, 1893, Mrs. Dane executed another instrument, by which she assigned to the plaintiff in error the policy in suit, and other policies on the property burned, authorizing and directing the assignee to collect the losses on the several policies, and, after paying costs and expenses, to apply the remainder of the proceeds ratably among certain creditors therein named. The trustee brought this suit on the policy. In the trial court the defendant objected to the introduction of the assignment of the policy upon the grounds that it was, in effect, an assignment for the benefit of creditors, and that, the trustee having failed to file an inventory and give bond, and otherwise qualify as required by the statute in force in the Indian Territory governing assignments for the benefit of creditors, the assignment was void, and the trustee could not maintain this action. The trial court overruled this objection, and there was a verdict and judgment for the plaintiff. The defendant thereupon appealed the case to the United States court of appeals in the Indian Territory, which court sustained the contention of the defendant, and reversed the judgment of the trial court. Thereupon the plaintiff sued out this writ of error.

N. B. Maxey, for plaintiff in error.

William T. Hutchings, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

In the view we take of this case it is unnecessary to determine whether the assignment of the policy was in fact an assignment for the benefit of creditors, and subject to the provisions of the statute governing such assignments. Granting it was such an assignment, it would not be absolutely void, but only voidable as against the creditors of the assignor. If they see proper to waive the defects, and are willing to accept the benefits thereof, no one else can complain. This question was before this court in Railway Co. v. Fuller, 36 U. S.

App. 456, 72 Fed. 467, 18 C. C. A. 641, which also arose in the Indian Territory. In that case the assignee for the benefit of creditors brought his action as such assignee to recover from the railway company the value of assigned property destroyed by fire through the negligence of the railway company. The defense in that case, as in this, was that the assignment was void; but this court held that the assignment was merely voidable as against the creditors of the assignor who elected to attack it, and was valid and unimpeachable as against the assignors, their debtors, and all other creditors who did not elect to disaffirm and avoid it, and that the railway company, a debtor of the assignor, could not successfully attack it on the ground that it was voidable as to creditors. And to the same effect are Rohrer v. Turrill, 4 Minn. 407 (Gil. 309); Sheridan v. Mayor, etc., 68 N. Y. 30; Coe v. Hinkley, 109 Mich. 608, 67 N. W. 915; Marshall v. Shibley, 11 Kan. 114; Norton v. Kearney, 10 Wis. 443. Falconer v. Hunt, 39 Ark. 68, and Thatcher v. Franklin, 37 Ark. 64, which are relied upon to sustain the decision of the United States court of appeals in the Indian Territory, have no application to the case at bar. In both of those cases the contest was between the assignee and creditors of the assignor or officers who represented them. As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so. Until the assignment is set aside by a court of competent jurisdiction, the assignee has the right to collect the assets assigned to him, and his quittance to a debtor who paid the money in good faith would be a complete bar to any other action by any other party. Even payments to beneficiaries made by an assignee under an assignment which is thereafter set aside as fraudulent will entitle him to credit therefor, and he will not be compelled to account a second time for money so paid. Riggs v. Murray, 2 Johns. Ch. 565; Cullumb v. Read, 24 N. Y. 505, 515; Hunt v. Weiner, 39 Ark. 70, 77. The judgment of the United States court of appeals in the Indian Territory is reversed, and that of the United States court for the Northern district of the Indian Territory in favor of the plaintiff in error affirmed.